# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER UTILITIES NORTHEAST LLC and NEXT GENERATION ENERGY, INC.,<br><br>Defendants. | Civil Action No. 20-05844-MSG |

## [PROPOSED] ORDER GRANTING MOTION TO STRIKE

**AND NOW**, this _____ day of _____, 2021, upon consideration of Defendant Frontier Utilities Northeast LLC's Motion to Strike, and any responses or replies thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** that the Motion for Preliminary Approval and all exhibits thereto are hereby stricken from the record in this case and shall be removed.

_____
The Honorable Mitchell S. Goldberg
United States District Court Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG,<br><br>Plaintiff,<br><br>v.<br><br>FRONTIER UTILITIES NORTHEAST LLC and NEXT GENERATION ENERGY, INC.,<br><br>Defendants. | Civil Action No. 20-05844-MSG |

## DEFENDANT FRONTIER UTILITIES NORTHEAST LLC'S
## MOTION TO STRIKE AND NOTICE OF INTENT TO FILE OPPOSITION TO
## MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT

Defendant Frontier Utilities Northeast LLC ("Frontier") moves to strike Plaintiff's Motion for Preliminary Approval of a Class Action Settlement and Incorporated Memorandum in Support dated Apr. 2, 2021 (Dkt. #15) ("Approval Motion") and provides notice to the Court that it intends to oppose the Approval Motion within the 14-day time period provided under Local Rule 7.1(c). In support of this Motion, Frontier states as follows:

1. On March 29, 2021, Frontier provided notice to counsel for Andrew Perrong and Jon Frey of a material breach of the Class Action Settlement Agreement and Release ("Settlement Agreement") by Mr. Frey and Mr. Perrong. A copy of the Notice is attached as Exhibit A. Frontier further provided notice that the misrepresentations and fraudulent inducement during the negotiation of the Settlement Agreement and mediation in this case rendered any settlement null and void. Ex. A at 4. Frontier demanded that Perrong, Frey, and their joint counsel "cease and desist from ***any effort*** to seek court approval of the Settlement Agreement." *Id*. (emphasis added).

2

2.     Having still not received a substantive response, Frontier reiterated its request for a response to Frontier's March 29 Notice on April 1, 2021.  *See* Ex. B.

3.     On April 2, 2021, Perrong, Frey, and their joint counsel nevertheless proceeded with the unauthorized filing of the Approval Motion which included as Exhibit 1 a copy of the Settlement Agreement (Dkt. #15-1).  It was only *after* filing the Approval Motion that Mr. Paronich responded to Frontier's March 29 Notice and dismissively stated that "Plaintiffs have filed a Motion for Preliminary Approval of the Settlement, which is attached.  We're prepared to enforce the settlement agreement as agreed."  Ex. C, email from A. Paronich dated Apr. 2, 2021.

4.     Neither Perrong nor counsel for Perrong and Frey have disputed that they were ***all fully aware*** of Frey's arrest on October 20, 2020, the ***same day*** they contacted Frontier to discuss settlement, as well as Frey's resulting three month federal detention and Indictment.  *See* Ex. A at 1-2 & Ex. 1 and 4.  Nor have they disputed that Frey, Perrong, and their joint counsel failed to disclose these critical facts.  Instead, counsel for Perrong and Frey has indifferently said that there were "publicly available documents."  Ex. C.  Frontier intends to file its opposition to the Approval Motion within the 14-day time period provided under Local Rule 7.1(c), and Frontier reserves its right to fully respond to the substance of the Approval Motion and the conduct of Perrong, Frey, and their joint counsel during the settlement negotiation and mediation.

5.     The Court should exercise its inherent authority to strike the Approval Motion because it intentionally misrepresents to the putative class members in both this case and *Frey v. Frontier Utilities Northeast LLC, et al.*, Case No. 2:19-cv-02372-KSM, that a settlement has been reached between Frontier, Perrong, and Frey.  Further, Perrong, Frey, and their joint counsel have failed to advise the Court that the Approval Motion is contested and that Frontier's March 29 Notice indicated any settlement reached during mediation is null and void.  *See* Ex. A.  Thus, the

Approval Motion, which on its face fails the requirements of FED. R. CIV. P. 23(e), is disingenuous and misleading to the putative class members that Perrong, Frey, and their joint counsel seek Court approval to represent.

6. Moreover, the Settlement Agreement attached as Exhibit 1 makes certain representations with respect to Frontier's position on class certification under Rule 23 and the adequacy of Perrong, Frey, and their joint counsel that are false. *See* Approval Mot. at Ex. 1 (Dkt. #15-1). These statements are misleading to the putative class members on the merits of their claims and Frontier's defenses thereto as well as whether or not class certification or settlement of a class are appropriate under Rule 23. To be clear, Frontier intends to oppose the appointment of Perrong and Frey as class representatives as well as any application filed with the Court for a "service payment." Further, Frontier strongly disagrees that "Plaintiffs and Settlement Class Counsel will fairly and adequately protect the Settlement Class Members' interests" and that counsel for Perrong and Frey are entitled to any award for fees, costs, or expenses from the Court. Approval Mot. at Ex 1 (Dkt. #15-1) at 33, 36; *see* Approval Mot. at Ex. 3 (Dkt. #15-3) at 3, 6-7.

7. Frontier's March 29 Notice constitutes consultation prior to filing this Motion under Local Rule 7.1. By filing the Approval Motion in spite of Frontier's objection without so much as a response, Perrong, Frey, and their joint counsel have affirmatively stated that they are opposed to the relief Frontier seeks in this Motion. They have also demonstrated they are unwilling to resolve this dispute without Court intervention.

WHEREFORE, Frontier respectfully requests that its Motion be granted and the Motion for Preliminary Approval of a Class Action Settlement and the exhibits thereto be stricken from the record in this case.

Dated:  April 5, 2021                     Respectfully submitted,

                                          /s Michael P. Daly
                                          Michael P. Daly (Pa. Bar No. 86103)
                                          Faegre Drinker Biddle & Reath LLP
                                          One Logan Square, Ste. 2000
                                          Philadelphia, PA 19103-6996
                                          Phone:  215.988.2700
                                          Fax:  215.988.2757
                                          michael.daly@faegredrinker.com

                                          Marsha J. Indych
                                          (Motion for *pro hac vice* admission forthcoming)
                                          Faegre Drinker Biddle & Reath LLP
                                          1177 Avenue of the Americas, 41st Floor
                                          New York, New York 10036-2714
                                          Phone:  212.248.3140
                                          Fax:  212.248.3141
                                          marsha.indych@faegredrinker.com

                                          *Counsel for Defendant*
                                          *Frontier Utilities Northeast LLC*

## **CERTIFICATE OF SERVICE**

    I certify that, on the date set forth below, I served the foregoing document on all counsel of record who have entered an appearance via the Court's CM/ECF system.

| | |
|---|---|
| Dated:  April 5, 2021 | By:  */s/ Michael P. Daly*  <br>Michael P. Daly |