

March 29, 2021

***Via Email and UPS Overnight Delivery***
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham,  MA 02043

Brian K. Murphy
Jonathan P. Misny
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH  43215

> *Re:*   *Jon Frey v. Frontier Utilities Northeast LLC, et al.*; Case No. 19-2372-KSM, in
>         the United States District Court for the Eastern District of Pennsylvania
>
>         *Andrew Perrong v. Frontier Utilities Northeast LLC, et al.*; Case No. 20-5844-
>         MSG, in the United States District Court for the Eastern District of Pennsylvania

Dear Counsel:

On behalf of Defendant Frontier Utilities Northeast LLC ("Frontier"), this letter will serve as notice of a material breach of the Class Action Settlement Agreement and Release ("Settlement Agreement") by Plaintiffs.

On March 27, 2021, Frontier learned that Plaintiff Jon Frey had been indicted by a federal grand jury in the Eastern District of Pennsylvania on <u>November 4, 2020,</u> on multiple counts of child pornography including Distribution and Attempted Distribution of Child Pornography in violation of 18 U.S.C.A. § 2252(a)(2), (b)(1).  A copy of Mr. Frey's Indictment is attached as Exhibit 1.  Mr. Frey's identity was confirmed by the Government's Motion for Pretrial Detention wherein it states that he is the owner of Richmond Tech and Telecom and provides his address at 3049 Almond Street.  *See* Ex. 2, Gov't Mot. for Pretrial Detention dated Oct. 22, 2020 (Dkt. #8) at 7.

Frontier would not have entered into the Settlement Agreement had it known of Mr. Frey's Indictment and his reprehensible alleged conduct as set forth in the pleadings filed by the federal government.  At no time did Plaintiffs' counsel advise Frontier of Mr. Frey's Indictment; meaning, Frontier was intentionally lied to and misled over the course of the ***five months*** of settlement discussions, mediation, and negotiation of the Settlement Agreement resulting in thousands of dollars of wasted attorney's fees and expenses including more than $10,000 paid to JAMS for mediation.  Moreover, whether Mr. Frey reviewed or executed the Settlement Agreement at all has now been drawn into question.  This material breach prevents the Court from approving the

March 29, 2021
Page 2

Settlement Agreement, and thus it provides Frontier the right to terminate the Settlement Agreement pursuant to Section 8.1.

Your first contact to Frontier to discuss potential settlement of this litigation was in the evening of October 20, 2020 – the *same day* that Mr. Frey was arrested. *See* Ex. 2 at 16. Since receiving the demand letter from you on behalf of Mr. Frey on November 2, 2020, Frontier has been discussing settlement and negotiating with you on behalf of Mr. Frey. You never disclosed that Mr. Frey was being held at the federal detention center during negotiations. Indeed, it is questionable how Mr. Frey authorized the November 2 demand to be sent, whether he actually received and reviewed Frontier's settlement offer, or if he agreed to mediate his claims with the Hon. Morton Denlow. Notably, his criminal counsel filed a motion for continuance of Mr. Frey's criminal trial on February 3, 2021, based on counsel's inability to "visit with the defendant while he was in custody." Ex. 3, Mot. for Continuance dated Feb. 3, 2021 (Dkt. #29) at ¶ 3.

During the initial discussion with Judge Denlow on February 3, 2021, you represented to Judge Denlow and Frontier that Mr. Frey would only be able to participate by telephone during the mediation on February 16 because the mediation was allegedly scheduled on short notice and Mr. Frey had to work. That representation was *false*. Although it appears from publicly available records that Mr. Frey was released on bond from federal detention on or about January 26, 2021, he is apparently confined to his parents' home pending his trial in August 2021. A copy of the Memorandum and Order regarding the conditions of his release pending trial are attached as Exhibit 4. As a condition of Mr. Frey's release, he is prohibited from having access to a computer, the internet, and a telephone other than for purposes of communicating with his medical providers. Ex. 4, Order at ¶ 10. Thus, Mr. Frey was not working on February 16 and he could not participate in any legal proceeding by ZOOM because he is prohibited from using a computer and the internet. *Id*.

The parties mediated this case with Judge Denlow for nearly 12 hours on February 16. At no time did Plaintiffs' counsel disclose during the mediation that Mr. Frey's Indictment and his pending criminal trial would impact his ability to serve as a class representative in connection with any settlement of the case. You represented to Judge Denlow and Frontier during the initial joint session that Mr. Frey was willing and able to serve as the class representative. Moreover, Mr. Frey was on the mediation via telephone when Judge Denlow asked the parties to each state what the impediments were to settlement from their perspective – Mr. Frey was silent and you as counsel for Plaintiffs acquiesced in that silence. Plaintiff Andrew Perrong, who has a personal relationship with Mr. Frey and worked for his business, also acquiesced in this fraud by remaining silent.

Similarly, the parties discussed prior to and at the mediation whether, if a settlement was reached, the motion for preliminary approval of the class settlement would be filed before Judge Goldberg or Judge Marston. You never disclosed to Frontier that Judge Goldberg was the presiding judge on one of the two pending criminal dockets involving Mr. Frey. *See* Ex. 5, Criminal Docket Report Assigned to Hon. Mitchell S. Goldberg at 1-2 (identifies arrest date of Oct. 20, 2020). That fact could obviously impact Judge Goldberg's determination of whether the Settlement Agreement is in the best interest of the putative class as well as the adequacy of the proposed settlement class counsel and representatives.

March 29, 2021
Page 3

On February 26 and February 28, Frontier discussed with you the amount of any service payment to Plaintiffs.  You did not disclose during these conversations or in your email indicating Plaintiffs agreed to $5,000 that Mr. Frey could not serve as a class representative.  *See* Ex. 6, Email from A. Paronich dated Feb. 28, 2021 ("After reviewing and consulting with our clients, they did not want to allow their proposed incentive award to be the only outstanding item in the agreement, and have agreed that they will each apply for a $5,000 incentive award.").  This was clearly misleading and suggested to Frontier that Mr. Frey would be fully able to fulfill his role as class representative.

On March 9, 2021, you provided a copy of the Settlement Agreement that purported to be executed by Mr. Frey.  Since Mr. Frey is prohibited from accessing the computer and internet, Frontier questions whether Mr. Frey reviewed and understood the terms of the agreement, the releases he was providing therein, and his role as class representative.

Pursuant to FED. R. CIV. P. 23, Plaintiffs are required to show, among other things, "the claims or defenses of the representative parties are ***typical*** of the claims or defenses of the class" and that "the representative parties will ***fairly*** and ***adequately protect*** the interests of the class." FED. R. CIV. P. 23(a)(3)-(4) (emphasis added); *see* Settlement Agreement, Ex. 1 Preliminary Approval Order at ¶ 8 ("Plaintiffs and Settlement Class Counsel must fairly and adequately protect Settlement Class Members' interests.").  Mr. Frey ***fails both*** these prongs and cannot be a class representative in this case.  Nor can he comply with the requirement in the Settlement Agreement "to implement the Parties' settlement in accordance with the Settlement Agreement."  *Id*.

Mr. Frey's ongoing criminal issues make his claim not typical of members of the class as he is subject to unique defenses.  Mr. Frey's alleged immoral behavior and Indictment draw his credibility into question.  As such, his claim against Frontier (which was already weak) is now to subject to even greater scrutiny.  You may recall that Mr. Frey's claim is based on one telephone call from March 20, 2019, that Mr. Frey alleges was to (215) 634-797<u>6</u>.  That allegation contradicts the telephone number Energy Acquisitions Group, LLC stated under oath it had called ((215) 634-797<u>4</u>) and that Mr. Frey twice confirmed as reflected in the call recording.

Thus, these new criminal charges subject to further scrutiny his already fragile claim that has no evidentiary support other than Mr. Frey's own self-interested statements.  Additionally, Frontier has argued throughout this case that Mr. Frey's knowledge of the telecommunications industry helped him manufacture a claim.  This unique defense is further supported by the government's similar statements and serious concerns regarding his release in his pending criminal case.  *See* Ex. 2 at 10-11 ("There is no doubt that the defendant is especially knowledgeable when it comes to computers. . . . If this Court were to order that computer monitoring software be installed on the defendant's computer, there would be no way to detect if the defendant—who is clearly technologically savvy—were to subvert the computer monitoring software by simply inserting a device with its own operating system into the computer being monitored, thereby bypassing the monitoring software altogether.").

Further, it is indisputable Mr. Frey is not an adequate class representative for purposes of representing the putative class members.  Mr. Frey will not be able to implement the terms of the Settlement Agreement or comply with his fiduciary duties as class representative to protect the interests of the settlement class members.  First, Mr. Frey will not be able to participate in any

March 29, 2021
Page 4

hearing that the Court may have related to approval of the settlement. He is confined to his parents' home and unable to access the computer or internet. *See* Ex. 4, Order at ¶¶ 4, 10. Second, his inability to discuss the case with Settlement Class Counsel or access a computer or the internet prevent him from overseeing the process. *See id.* ¶ 10. Indeed, it is unclear how Mr. Frey has been overseeing the case since August 6, 2020, when the FBI executed the federal search warrant and seized all of his phones and computers. *See* Ex. 2 at 1, 3. Perhaps that is why you filed a motion to stay the case on the *next day*, August 7, 2020, after previously opposing a stay on a similar basis filed by Frontier. *See* Pl.'s Mot. for a Stay dated Aug. 7, 2020 (Dkt. #92). Finally, there is a risk that Mr. Frey may violate the terms of his release and be returned to federal detention while the Court's approval of the Settlement Agreement is pending.

There is no question that Mr. Frey's ongoing criminal Indictment and upcoming trial will distract him from overseeing the implementation of the Settlement Agreement. The charges against Mr. Frey are so reprehensible that his mere involvement in this case may give rise to objections to the Settlement Agreement; particularly in light of the $5,000 service payment which is a *reward* for his involvement. It is prejudicial to the putative class members to saddle them with a class representative like Mr. Frey whose alleged criminal conduct distracts from their claims in this case.

As a result of the misrepresentations by Plaintiffs, Frontier spent thousands of dollars on attorney's fees and costs negotiating a settlement agreement that cannot be presented to the Court for approval. These misrepresentations and the fraudulent inducement arguably render the Settlement Agreement void.

For all of these reasons, Frontier demands that you and Plaintiffs cease and desist from any effort to seek court approval of the Settlement Agreement. Should you or Plaintiffs attempt to do so, Frontier intends to vigorously oppose that motion and seek its attorney's fees and costs. Frontier further demands that Plaintiff Jon Frey dismiss his completely meritless claim with prejudice immediately. To be clear, Frontier will not settle any case with Mr. Frey. If he does not dismiss his claim, Frontier will file counterclaims to seek its fees and costs resulting from the fraudulent conduct related to the negotiation of the Settlement Agreement and take any other action necessary to protect its legal rights.

Very truly yours,

Michele R. Blythe
Managing Attorney – Litigation

Enc.

cc.   Hon. Morton Denlow (*via Email*)
      Stephen Crawford (*via Email*)
      Michael Daly (*via Email*)
      Marsha Indych (*via Email*)

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL NO. 20-** |
| v. | : | **DATE FILED:** |
| **JON FREY**<br>**a/k/a "victorbravo9922"** | : | **VIOLATIONS:**<br>**18 U.S.C. § 2252(a)(2), (b)(1) (distribution** |
| | : | **and attempted distribution of child**<br>**pornography – 1 count)** |
| | : | **18 U.S.C. § 2252(a)(4)(B), (b)(2)**<br>**(accessing with intent to view child** |
| | : | **pornography – 1 count)**<br>**Notice of forfeiture** |

## INDICTMENT

## COUNT ONE

**THE GRAND JURY CHARGES THAT:**

On or about February 23, 2020, in the Eastern District of Pennsylvania, defendant

**JON FREY,**
**a/k/a "victorbravo9922,"**

knowingly distributed a visual depiction using a means and facility of interstate and foreign

commerce, that is, the Internet, using the Kik mobile application, and attempted to do so, and the

producing of the visual depiction involved the use of a minor engaging in sexually explicit

conduct, and the visual depiction was of such conduct.

In violation of Title 18, United States Code, Section 2252(a)(2), (b)(1).

## COUNT TWO

**THE GRAND JURY FURTHER CHARGES THAT:**

Between on or about July 13, 2020 and on or about August 5, 2020, in the Eastern District of Pennsylvania, defendant

### JON FREY,
### a/k/a "victorbravo9922,"

knowingly accessed with intent to view a visual depiction using a means and facility of interstate and foreign commerce, that is, the Internet, and attempted to do so, and the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct. The minor depicted included a prepubescent minor and a minor who had not attained 12 years of age.

In violation of Title 18, United States Code, Section 2252(a)(4)(B), (b)(2).

## NOTICE OF FORFEITURE

**THE GRAND JURY FURTHER CHARGES THAT:**

As a result of the violations of Title 18, United States Code, Sections 2252(a)(2) and (a)(4)(B), as set forth in this indictment, defendant

**JON FREY,**
**a/k/a "victorbravo9922,"**

shall forfeit to the United States of America:

(a)     any matter which contains any child pornography, which was produced, transported, mailed, shipped, or received as a result of such violations as charged in the indictment;

(b)     any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly from such violations; and

(c)     any property, real or personal, used or intended to be used to commit or to facilitate the commission of such violations, including, but not limited to: a black Apple iPhone 7 bearing serial number F71SHS5SHG6W.

If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, 2253(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture.

All pursuant to Title 18, United States Code, Section 2253.

A TRUE BILL:

_____
GRAND JURY FOREPERSON

WILLIAM M. McSWAIN
United States Attorney

No. _ _ _ _ _ _ _

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

**THE UNITED STATES OF AMERICA**

vs.

**JON FREY**
**a/k/a "victorbravo9922"**

INDICTMENT

**18 U.S.C. § 2252(a)(2) (distribution and attempted distribution of child pornography – 1 count)**
**18 U.S.C. § 2252(a)(4)(B), (b)(2)(accessing with intent to view child pornography – 1 count)**
**Notice of forfeiture**

A true bill.

_____
Foreman

Filed in open court this _____ day,

Of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INDICTMENT

DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:      615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476

Post Office:   Philadelphia                              County:    Philadelphia

City and State of Defendant:       Philadelphia, PA

County:   Philadelphia                         Register number 13317-509

Place of accident, incident, or transaction:          Eastern District of Pennsylvania

Post Office: Philadelphia                         County: Philadelphia

RELATED CASE, IF ANY:

Criminal cases are deemed related when the answer to the following question is "yes".

Does this case involve a defendant or defendants alleged to have participated in the same action or transaction, or in the same series of acts or transactions, constituting an offense or offenses?

YES/NO: No

Case Number:  N/A                              Judge: N/A

CRIMINAL:     (Criminal Category - FOR USE BY U.S. ATTORNEY ONLY)

1.          ○ Antitrust

2.          ○ Income Tax and other Tax Prosecutions

3.          ○ Commercial Mail Fraud

4.          ○ Controlled Substances

5.          ○ Violations of 18 U.S.C. Chapters 95 and 96 (Sections 1951-55 and 1961-68) and Mail Fraud other than commercial

6.          ● General Criminal
(U.S. ATTORNEY WILL PLEASE DESIGNATE PARTICULAR CRIME AND STATUTE CHARGED TO BE VIOLATED AND STATE ANY PREVIOUS CRIMINAL NUMBER FOR SPEEDY TRIAL ACT TRACKING PURPOSES)
**18 U.S.C. § 2252(a)(2) (distribution and attempted distribution of child pornography – 1 count);  18 U.S.C. § 2252(a)(4)(B), (b)(2)(accessing with intent to view child pornography – 1 count); Notice of forfeiture**

DATE:   11/4/20                    /s/ J. Jeanette Kang
                                    Jeanette Kang
                                    Assistant United States Attorney

File No. 2020R00718
U.S. v.. JON FREY
            a/k/a "victorbravo9922"

# EXHIBIT 2

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CASE NO. 20-mj-1704 |
| JON FREY, | : | **FILED UNDER SEAL** |
|     a/k/a "victorbravo9922" | | |

## GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

The United States of America, by and through William M. McSwain, United States Attorney for the Eastern District of Pennsylvania, and J. Jeanette Kang, Assistant United States Attorney for the District, hereby moves this Honorable Court to detain the defendant prior to trial. On or about February 23, 2020, the defendant distributed child pornography to a chat group in a chat group in which chat participants trade child pornography. Law enforcement agents executed a search warrant on the defendant's house on August 6, 2020, and seized the defendant's mobile phone. A subsequent review of the phone's contents revealed that the defendant engaged in extensive chats with other like-minded child sex offenders via an online messenger ██████████████████████████████████████████ ████████████.

The defendant has been under investigation by the Philadelphia Department of Human Services ("DHS") since the date of the search warrant execution. Because of the nature of the sexual abuse and child pornography allegations, DHS directed both the defendant and his wife to cease all contact by the defendant with ███████████████ during the investigation. However, the investigation has now revealed that the defendant defied that directive by engaging

- 1 -

in video and phone chatting with ███████ *every day* (in fact, multiple times per day) in flagrant disregard of DHS's prohibition on contact.

The defendant has been charged by Complaint with distribution and attempted distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2), and faces a mandatory minimum sentence of 5 years' imprisonment and a statutory maximum of 20 years' imprisonment. He also faces an additional charge of accessing child pornography with intent to view. The preliminary calculation of his Sentencing Guidelines range for these charges is 188-235 months. The distribution charge also carries with it a statutory presumption that no condition or combination of conditions will assure the safety of the community or the defendant's appearance. *See* 18 U.S.C. § 3142(e)(3)(E).

Significantly, Pretrial Services has recommended that the defendant be detained, finding both that the defendant poses a significant risk of danger to the community and that there are no conditions that can reasonably assure the safety of the community. The Government agrees with this recommendation, and for these reasons set forth below, requests that the defendant be detained prior to trial.

## I.    FACTS

In support of this motion, the government makes the following representations and proposed findings of fact:

### A.    Probable Cause and Evidence

There is probable cause to believe, based on the Complaint and warrant signed by the Honorable David Strawbridge on October 16, 2020, that the defendant has committed the offense of distribution and attempted distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). As a result, there is a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E),

that no condition or combination of conditions will assure the safety of the community and the

defendant's appearance in court.

The evidence in this case is strong. On February 23, 2020, a Kik[1] mobile application user

with the username "victorbravo9922" distributed a sexually explicit video of a young child to the

members of a Kik group in which its users shared child pornography. The video depicted a

prepubescent girl, who appeared approximately 5-8 years in age, performing oral sex on a male.

An undercover law enforcement officer was a member of this chat group, and observed

"victorbravo9922" share this video. Kik provided Internet Protocol ("IP") logs for that account

to law enforcement. Agents learned that an IP address that was used to log into the

"victorbravo9922" account traced back to subscriber Jon Frey (the defendant) at 3049 Almond

Street in Philadelphia, Pennsylvania.

On August 6, 2020, law enforcement agents executed a search warrant on the defendant's

house. During the execution of the search warrant, the defendant confessed to agents that he

used mobile applications such as Kik to engage in chats with other users about the sexual

exploitation of children, and viewed images of young children.[2] He also admitted that he has

copied sexually explicit files from Kik chat groups and shared them in other chat groups in order

to stay "active" in these groups.

During search warrant execution, agents seized the defendant's mobile device. The

defendant's phone had the Kik application installed and connected to another account name

---

[1] Kik is a free mobile application designed for chatting or messaging through an account and username created by the user. It allows users to share images and videos. It also allows users to join multi-user group chats.

[2] It is also a violation of federal law to knowingly access any child pornography with the intent to view. *See* 18 U.S.C. § 2252(a)(4)(B).

"vicbravo69." A review of the Kik application on the defendant's phone revealed that he had

numerous chats with other individuals about sexually abusing ████████████ For instance,

on July 25, 2020, the defendant told an individual with Kik username "shelbiix.x":

vicbravo69: ████████ ██████████
…
vicbravo69: ████████████████
shelbiix.x: ████████████
vicbravo69: █████
…
vicbravo69: What do you think?
shelbiix.x: Im open to an open family once my kids know what it is
shelbiix.x: If they want to do stuff then sure I will help them
vicbravo69: Including sex with an adult male? What age would you let a man attempt penetration?
…
shelbiix.x: My kids don't understand anything anout sex
shelbiix.x: About
vicbravo69: Yet. You need to teach
vicbravo69: █████████████████████
shelbiix.x: Really
vicbravo69: Yes
shelbiix.x: What you just started licking her
vicbravo69: I got her into it early
vicbravo69: Yes
shelbiix.x: ██████████
vicbravo69: During diaper changes
vicbravo69: No
vicbravo69: She didn't know
shelbiix.x: Ahh
vicbravo69: She didn't know I'm a pedo
…
vicbravo69: ██████████████████████████████
██████
shelbiix.x: Wow
vicbravo69: I'm serious
shelbiix.x: I believe you
…
vicbravo69: Have you ever been with a guy that is into these things like you are?
shelbiix.x: No
vicbravo69: No to which question? Sorry I asked too many at once
shelbiix.x: Lol an open family no I haven't met anyone
vicbravo69: Ok.

- 4 -

vicbravo69: I'd love to explore it with you at some point.  Maybe before your baby is born
vicbravo69: Like to talk and just go from there.
shelbiix.x: Ok
vicbravo69: I'll be back in Pennsylvania next week.  I'm not sure what your schedule is like but I'd love to keep talking, exchange numbers and maybe we can plan a date or something.

On July 15, 2020, the defendant messaged Kik user "PurpleQueenOfHearts," stating "█ ███████████████████████" and "I'm strongly sexually attracted to girls 5-13."  On that same day, he told Kik user "dunro555": "I've read that 7/8 is the recommended age for first intercourse possible In a medical journal … When I was in college I would spend hours in the library reading about sexual deviants and incest, child molestation … I'm obsessed."  Then, on August 3, 2020, the defendant messaged Kik user "AriaMia128," stating "I've done things with ████████████████████████████████████ … Just oral at first."  The defendant also told "AriaMia128": "I've been a pedophile for as long I can remember … █████████████████████████████."  "AriaMia128" then asked if the defendant has had sex with other kids, and he responded: "2."  The forensic review did not identify any data pre-dating mid-July 2020, even though records from the defendant's mobile provider indicate he has had the phone for at least a year, indicating that we do not know the full extent of the defendant's online conduct.

After the search warrant execution, the defendant agreed to and underwent a polygraph examination.  The defendant was asked if he, as an adult, had sexual contact with a child, and he responded "no."  The polygraph examiner determined that there was deception indicated in the defendant's response.  In other words, the defendant failed his polygraph examination.

Law enforcement agents also discovered over 200 cache files of images and videos, that, based on review by an FBI agent, depicted child pornography and demonstrated that the

defendant had accessed each of those more than 200 files.[3]  Most of these cached files were found to be files stored on Mega.[4]  The defendant's phone also contained evidence that he had accessed approximately 11 weblinks to files on the Mega application.  These were found in the device's web history between July 30, 2020 and August 4, 2020.  Files from these weblinks were obtained from Mega and searched pursuant to a federal search warrant, and were also found to contain hundreds of child pornography videos.[5]

**B.    DHS Investigation**

Just after the August 6, 2020 federal search warrant execution, DHS opened an investigation █████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[3] Cached filed are files that are stored on a device after the user accesses an application or website; cache files allow the device to function faster the next time it opens that particular application or website by loading the cache files from the device rather than having to communicate with the application or website to retrieve the files.

[4] Mega is a cloud storage and file hosting service based in New Zealand.  Mega files can be uploaded, downloaded and accessed through web browsers and mobile applications; it can be accessed from traditional computers along with smart phones and tablets. Users can sign up for free and are provided cloud storage space to save files.  Files or folders can be shared with other individuals by creating a "link" (*i.e.*, a hyperlink) to the file or folder.

[5] An FBI agent reviewed the contents of these files from the Mega links accessed by the defendant, and determined that hundreds of video files in these links depicted child pornography.  For instance, one video depicted two boys who appeared approximately 5-8 years old taking off their underwear, exposing their genitals, then having penetrative intercourse.  Another video depicted an adult playing with a little girl's vagina; the girl appeared approximately 2-4 years old.  Another video depicted an adult male with his erect penis exposed, then having vaginal penetrative intercourse with a young girl who appeared approximately 6-9 years old.  The defendant also stated in a Kik chat on July 14, 2020 that he is interested in "little girls f***ing," and these Mega links demonstrate that the defendant saw exactly what he wanted to see.

████████████████████████████████████

███████████████████████████████████████

█████████████████████████████████████

███████████████████████

### C.    Defendant Information

Prior to his arrest, the defendant lived with his wife, █████████████████████

████████.  The defendant is the owner of Richmond Tech and Telecom, a computer

technology services company.  He is also an IT consultant.

The defendant owns two homes in Philadelphia, 3049 Almond Street (where he was

living with his wife ████████ prior to the federal search warrant execution) and 3069 Salmon

Street (where he has been staying after the search warrant execution).  3069 Salmon Street is

about five blocks away from 3049 Almond Street, and is also within blocks of a playground and

multiple schools including a preschool, an elementary school, a high school and parochial

schools.  The defendant has no criminal history.

### D.    Maximum Penalties and Sentencing Guidelines

If convicted of the one count of distributing and attempting to distribute child

pornography under 18 U.S.C. § 2252(a)(2), as detailed in the Complaint, the defendant faces a

mandatory minimum of 5 years' incarceration, a maximum of 20 years' incarceration, 5 years up

to a lifetime of supervised release, a $250,000 fine, a $100 special assessment, mandatory

restitution pursuant to 18 U.S.C. § 2259, and if found to be non-indigent, an additional,

mandatory $5,000 assessment pursuant to 18 U.S.C. § 3014.  At indictment, the defendant faces

additional counts of accessing child pornography with intent to view, in violation of 18 U.S.C.

§ 2252(a)(4)(B).  On these charges, the defendant's Sentencing Guidelines range is preliminarily

- 7 -

calculated to be 188-235 months.

## II.    ARGUMENT

There is a rebuttable presumption in favor of detention for individuals who, like this defendant, are charged with distribution and attempted distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2).  *See* 18 U.S.C. § 3142(e)(3)(E).  This presumption is based in part on the Congressional determination that "sex offenders and child molesters are four times more likely than other violent criminals to recommit their crimes," *Comments of Chairman Lemar Smith*, H.R. Rep. 5422, and would pose a danger to the community if released.  *See also United States v. Farris*, 2008 WL 1944131, at *7 (W.D. Pa. 2008); *accord McKune v. Lile*, 536 U.S. 24, 33 (2002) (discussing sex offender recidivism); *Doe v. Bredesen*, 507 F.3d 998, 1006 (6th Cir. 2007) (similar).  Congress has emphatically expressed that child pornography offenses are insidious, dangerous and harmful, stressing that child pornography "is a form of sexual abuse" and "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years … the mere existence of and traffic in child pornographic images . . . presents a clear and present danger to all children," and "it inflames the desires of ... pedophiles ... who prey on children, thereby increasing the creation and distribution of child pornography and the sexual abuse and exploitation of actual children who are victimized as a result of the existence and use of these materials."  *United States v. MacEwan*, 445 F.3d 237, 250 (3d Cir. 2005) (internal citations and quotation marks omitted).

To overcome the statutory presumption in favor of detention, the defendant must present "credible evidence" that he will appear in this case as required and that he will not pose a risk of danger to the community upon release.  *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir.

1986).  This Court may consider the defendant's propensity to commit crime generally, such as distributing or viewing more child pornography.  *United States v. Provenzano*, 605 F.2d 85, 95 (3d Cir. 1979) ("a defendant's propensity to commit crime generally, even if the resulting harm would be not solely physical, may constitute a sufficient risk of danger to come within the contemplation of the [Bail Reform] Act.").  Under these circumstances, the defendant will be unable to rebut the presumption in favor of his detention.

*First*, the nature and circumstances of the offense and other relevant conduct demonstrate that the defendant poses a significant danger to ████████████ children in the community. The defendant distributed and viewed child pornography depicting young, pre-pubescent children, and made very clear that he has a sexual preference for children, even describing himself multiple times to other users as a "pedophile."  There are numerous chat conversations found on the defendant's phone that describe, in excruciating detail, having sexual intercourse ██████████████████████████████████████████  These chats are evidence of a real danger.  At a minimum, he is fueling other child sex offenders' deviant sexual interests while doing the same for himself, and has no way of knowing what will happen after his conversations.  But here, there is evidence that the defendant was taking steps to meet other users, as he told user "shelbiix.x" on Kik that he would love to "explore" an "open family" with her "at some point … before [her] baby is born."  Then, he said they should plan a "date."  These chats, coupled with the defendant's distribution and viewing of child pornography, paint a clear picture of the defendant's thoughts, desires and tendencies—and his willingness to venture out from behind his computer to further his sexual exploitation of children—are all things that this Court should consider in this determining that the defendant is a danger to the community.  The

- 9 -

defendant should not be allowed to remain 

Allowing the defendant to live in his second home at 3069 Salmon Street does not guarantee any additional safety.  That house is a mere five blocks from the family home ███████ ██████████.  That house is also within blocks of schools, parks and a playground.  Also, while location monitors can detect if the defendant leaves the home, ███████████ ███████████████████████████████████  There is no way to effectively monitor him, and nothing to deter him from having contact with children, as he has already demonstrated by his violation of DHS' directives.

*Second*, the defendant has already demonstrated that he cannot be trusted to abide by conditions of release.  DHS told the defendant that he is not allowed to contact ███████ during their investigation, and the defendant refused to abide by that clear order.  The defendant continued to communicate with ████████████ through Facetime and on the phone, every day.  They would talk in the morning, at lunchtime and in the evening.  The defendant continued to communicate with ███████ even while knowing that both DHS and the FBI were investigating him.  If an express order from DHS and two active investigations into his conduct were not enough to stop the defendant from contacting ██████████ there can be no assurance that he will abide by any condition imposed by this Court.

*Third*, it is difficult to conceive of any form of supervision that would effectively and completely monitor the defendant's online access to child pornography, children and other sexual predators, especially in light of his knowledge of computers and the internet.  There is no doubt that the defendant is especially knowledgeable when it comes to computers.  The defendant's job is working with computers.  He is the owner of a computer services company

- 10 -

and is an IT consultant.  If he is released, the defendant will be able to access the internet through computers, cell phones, tablets and other such devices.  There is no way to prevent him from secretly purchasing or using an Internet-accessible device without the knowledge of Pretrial Services.  If this Court were to order that computer monitoring software be installed on the defendant's computer, there would be no way to detect if the defendant—who is clearly technologically savvy—were to subvert the computer monitoring software by simply inserting a device with its own operating system into the computer being monitored, thereby bypassing the monitoring software altogether.  In that case, the defendant's activities would be completely undetectable.

There is also evidence that the defendant has attempted to conceal his conduct and avoid detection by using multiple chat applications.  On a July 25, 2020 chat with Kik user "shelbiix.x," the defendant said: "Hey from whisper [a mobile chat application] … I feel safer chatting here on some stuff."  When asked why, the defendant responded: "Idk more anonymous?  Not all in the same spot?"  He admitted to agents during the search warrant execution that he had deleted and reinstalled Kik a few weeks prior.  Also, forensic review suggests that the defendant may have wiped, or reset, his phone—the forensic evidence discovered on his mobile device only dates back to mid-July 2020, though records from his phone provider indicate that he may have had the device for over a year.  This is even more evidence that monitoring the defendant's device usage will be next to impossible.

Moreover, Pretrial Services is limited to inspection of items that are in plain view of the officers, and they are not permitted to seize electronic evidence.  The defendant may obtain and possess child pornography on storage devices that may be impossible for Pretrial Services to locate.  In *United States v. Schenberger*, 498 F.Supp.2d 738, 745 (D.N.J. 2007), a sister district

court in this Circuit recognized the limitations of internet monitoring: "This Court is not persuaded that meaningful assurances can be given that defendant's access to the internet can be stopped. Even if the defendant could somehow be prohibited from creating, viewing, or exchanging images of child pornography, it is difficult to conceive of measures that could confidently assure that defendant would not communicate with others and encourage the distribution of child pornography and related illicit activities." *See also United States v. Voelker*, 489 F.3d 139, 145 (3d Cir. 2007) (finding detention appropriate for a defendant charged with distributing and receiving child pornography, based on the dangers associated with child pornography offenses and the difficulty to effectively monitor understanding the accessibility of the internet). Additionally, while Pretrial Services ordinarily conducts monthly residence checks of pre-trial defendants released on electronic monitoring, in light of the current COVID-19 situation, the government understands that they are limiting their routine inspections, which further reduces any chance that the defendant can be effectively monitored in the community.

*Fourth*, the weight of the evidence against the defendant is strong and he faces substantial penalties. The child pornography video distributed on February 23, 2020 traces back to the defendant via IP log-in information. The defendant's phone contained evidence that he used nicknames that are a variant of "vicbravo," and the username used to distribute the child pornography in February was "victorbravo9922." Prison is a certainty for this defendant if he is convicted. On the distribution charge, he faces a mandatory minimum of 5 years and a maximum of 20 years. With the distribution and access charge, he faces a guidelines range of 188-235 months. The anticipation of this severe sentence gives him every incentive to flee, knowing that he will spend a significant portion of the rest of his life in jail. In addition, the

prospect of his lengthy prison sentence makes him even more of a danger to children in the community, knowing that his release on bail may be the last time he is ever free.

The defendant's argument that defendants charged with child pornography offenses are detained only where there is evidence of actual or attempted sexual contact with minors is unavailing. There is no such bright-line rule—the Court is not limited to looking for evidence of attempted sexual contact. The Court must consider the potential danger the defendant poses in any respect, including the danger that the defendant will commit another crime by, for instance, viewing more child pornography. However, even if this Court were to look for attempted sexual contact as the defendant suggests, such evidence exists here. As noted above, the defendant engaged in a Kik conversation with an individual about an "open family" (in which she allows or facilitates her children having sexual intercourse with others), then attempted to set up a "date" with this woman to "explore it with [her] at some point. Maybe before [her] baby is born."

*Fifth*, the defendant's ties to the community are not enough to reasonably assure the safety of the community. The defendant explains in his Motion for Release that he has "strong ties" to the community. These ties, however, were not enough to deter him from distributing or viewing child pornography. Indeed, even knowing that the defendant has been charged with this child pornography offense, the defendant's wife has requested that the defendant be able to come live at home █████████ ███████████████████████████████████████████ ████████████████████████████████████████████████ This certainly indicates that a no-contact Order instituted by the Court (in addition to other conditions as required by the Adam Walsh Act) will not be enough to adequately assure the safety of the children in the community. Only a 24-hour watch by the Bureau of Prisons can ensure the safety of the community and children, in particular, from the defendant.

- 13 -

**III.**     <u>**CONCLUSION**</u>

       For all of these reasons, the defendant cannot rebut the presumption under 18 U.S.C. §

3142(e)(3)(E) that no condition or combination of conditions will reasonably assure his presence

for trial or the safety of the community.

       WHEREFORE, the government respectfully requests the Court to detain this defendant

prior to trial.

                              Respectfully submitted,

                              WILLIAM M. MCSWAIN
                              United States Attorney

                              */s/ J. Jeanette Kang*
                              J. JEANETTE KANG
                              Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CASE NO. 20-mj-1704** |
| JON FREY,<br>    a/k/a "victorbravo9922" | : | **FILED UNDER SEAL** |

## PRETRIAL DETENTION ORDER

AND NOW, this _____ day of _____, 2020, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that:

(a)  the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

(b)  the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e) and (f)(1)(A).

The Court makes the following findings of fact:

This case is appropriate for detention under Title 18, United States Code, Section 3142(e) and (f)(1)(A) because:

(a)   There is probable cause to believe, based on the complaint and warrant signed by the Honorable David Strawbridge on October 16, 2020, that the defendant has committed the offenses of distribution/attempted distribution of child pornography, in violation of 18 U.S.C. §

2252(a)(2).  As a result, there is a rebuttable presumption, pursuant to 18 U.S.C. § 3142(e)(3)(E), that no condition or combination of conditions will assure the safety of the community and the defendant's appearance in court.

(b)     The evidence in this case is strong.  On February 23, 2020, the defendant, using the username "victorbravo9922" a distributed sexually explicit video depicting a prepubescent girl engaging in oral intercourse with an adult male.  Law enforcement agents traced "victorbravo9922" back to the defendant, and executed a search warrant on his home on August 6, 2020.  During the search warrant execution, the defendant told law enforcement agents that has shared sexually explicit files on multiple occasions in order to stay "active" in chatrooms on Kik.  A forensic review of the defendant's phone also uncovered evidence that the defendant accessed, with intent to view, child pornography.

(c)     If convicted of the count outlined in the Complaint, the defendant faces a mandatory minimum of 5 years' incarceration, a maximum of 20 years' incarceration, 5 years up to a lifetime of supervised release, a $250,000 fine, a $100 special assessment, mandatory restitution pursuant to 18 U.S.C. § 2259, and if found to be non-indigent, an additional, mandatory $5,000 assessment pursuant to 18 U.S.C. § 3014.  At indictment, the defendant potentially faces additional charges related to accessing child pornography with intent to view.

(d)     If convicted, the defendant faces a significant sentence, having never previously served a prison sentence.  This provides ample incentive to flee.

(e)     Prior to being taken into local custody on October 20, 2020, the defendant resided with his wife ████████████████████████████████████.

(f)     The strength and nature of the case against the defendant, combined with the fact that the defendant will be incarcerated for a mandatory minimum term of imprisonment of 5

years, establishes the defendant's danger to the community and increases the high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

_____
HONORABLE HENRY S. PERKIN
United States Magistrate Court Judge

## **CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Pretrial Detention, and

Proposed Order was served by email on the following defense counsel:

Greg Pagano
1315 Walnut St., 12th Flr.
Philadelphia, PA 19107
gpagano@paganolaw.net


*/s/ J. Jeanette Kang*
J. JEANETTE KANG
Assistant United States Attorney


Date: October 22, 2020

# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :
                                      :
        v.                          :        Criminal No. 20-CR-386
                                        :
JON FREY

ORDER

AND NOW, this day of , 2021, upon consideration of Defendant's Motion for Continuance, it is hereby ORDERED and DECREED that said Motion is Granted for the following reason:

Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 (h) (8) the ends of justice are best served by granting the defendant's request. Specifically, defense counsel must be adequately prepared to represent his client, the defendant is free on bond and is not opposed to the delay, the defendant is in need of medical care, the Government is not opposed to the delay and the delay is necessary to allow the parties to either prepare or negotiate a non-trial disposition. In light of the foregoing, the ends of justice served by granting defendant' request outweigh the best interest of the public and the defendant in a speedy trial.

BY THE COURT:

_____
                                    J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 20-CR-386 |
| | : | |
| JON FREY | : | |

<u>MOTION FOR CONTINUANCE</u>

COMES NOW, Jon Frey, by and through his attorney, Gregory J. Pagano, Esquire, and requests that this Court grant a postponement of the pretrial deadlines and trial date scheduled in the above captioned matter and in support thereof avers as follows:

1. On or about November 1, 2020, Defendant was indicted on charges for violations Title 18, United States Code, Section 2252(a)(4XB), (bX2) and Title 18, United States Code, Section 2252(aX2), (bXl ).

2. After a hearing before this Court on January 14, 2021, pretrial release was granted with strict conditions and the defendant was released from custody on January 26, 2021.

3. Counsel for the defendant has received some discovery, but given the restrictions in place due to COVID, counsel was not able to visit with the defendant while he was in custody resulting in significant delay in trial preparations.

4. Additional time is requested to complete the collection and review of discovery by counsel and the defendant.

5. Counsel for the government, A.U.S.A. Jeanette Kang does not oppose the request to continue this trial.

WHEREFORE, it is respectfully requested that this Honorable Court GRANT the Defendant's

request to postpone pretrial deadlines and continue the trial listing of April 20, 2021.

Respectfully submitted:

_____/s/_____
GREGORY J. PAGANO, ESQUIRE
 Attorney for Defendant, Jon Frey
1315 Walnut Street, 12th Fl.
Philadelphia, PA 19107
215-636-0160

DATED: January 27, 2021

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 20-CR-386 |
| | : | |
| JON FREY | : | |

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant's Motion for Continuance has been served upon A.U.S.A. Jeanette Kang, U. S. Attorney's Office, 615 Chestnut Street, Philadelphia, PA l9106, via the Court's Electronic Filing System.

_____/s/_____
GREGORY J. PAGANO, ESQUIRE

# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | **No. 20-386** |
| JON FREY | : | |
| | : | |

**McHUGH, J.**                                                                      **January 20, 2021**

### <u>MEMORANDUM</u>

Defendant Jon Frey is charged with Distribution and Attempted Distribution of Child Pornography in violation of 18 United States Code Section 2252(a)(2),(b)(1), and Accessing with Intent to View Child Pornography in violation of 18 United States Code Section 2252(a)(4)(B),(b)(2).  He has appealed the order denying him pretrial release.

Neither this Court's Office of Pretrial Services nor the Magistrate Judge deem Mr. Frey to be a flight risk, given his family and community ties, and cooperation with investigating agents.  The principal question is whether he poses a danger to the community.

The parties agree that there is a presumption of detention pursuant to 18 U.S.C. § 2252(a)(2). See 18 U.S.C. § 3142(e)(3)(E), and that Defendant bears the burden of establishing by credible evidence that he will appear in this case as required and that he will not pose a risk of danger to the community upon release. *United States v. Carbone,* 793 F.2d 559, 560 (3d Cir. 1986). The record has changed in two ways since Mr. Frey was detained.  First, there is more information available relevant to the degree of danger he presents.  Second, he now confronts a

1

serious medical condition that will require treatment, something that has become more complicated for those in custody because of the Covid-19 pandemic.

        As to additional evidence of risk, an investigation into family circumstances by the Department of Human Services did not uncover evidence of physical abuse of Defendant's daughter, the principal source of concern. The Philadelphia Children's Alliance/Philadelphia Police Special Victims Unit conducted a forensic interview that did not reveal abuse. Defendant's daughter has been in counseling with Sherri Edelman, Psy.D., LPC, since March 2020 for ADHD.  Dr. Edelman has experience with child abuse, and through their sessions Defendant's daughter did not disclose any evidence or behaviors consistent with a history of being sexually abused.  Defendant's wife of 18 years supports his pretrial release based upon her observations of her husband's interactions with their daughter.  Defendant's older sister, who resides with their parents, has offered herself as a third-party custodian pursuant to Section 3142(c)(1)(B)(I).

        The Government understandably points to reprehensible statements made by Defendant during internet two chat room exchanges suggesting that Defendant had a sexual interest in his daughter or other young children. Defense counsel requested that the Court be permitted to review the broader record of chats in which Frey engaged, in support of an argument that his outrageous remarks were meant to reflect his  lack of sexual inhibitions designed to entice adult women into a sexual encounter.  Having performed that unwelcome exercise, the remarks in question are isolated, and Defendant did not reflect any further inclination to act on warped sexual fantasies involving children.

Given the totality of the record, and proposed conditions of release, I am persuaded that Defendant has met his burden to show that he can be released pending trial without presenting a danger to the community.

His recent diagnosis of testicular cancer lends further weight to the case for pretrial release. At a minimum he will require surgery, and possibly adjuvant therapy. Managing that care while he is incarnated in the midst of the pandemic will present inherent difficulties, particularly if post-surgical therapy is required.

For these reasons, the motion for pretrial release will be granted, subject to stringent conditions.

  /s/ Gerald Austin McHugh
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | No. 20-386 |
| JON FREY | : | |
| U.S.M. #13317-509 | : | |
| Lehigh County Prison | : | |

**ORDER**

This 20th day of January 2021, it is hereby **ORDERED** that Defendant's Supplemental

Motions for Release from Custody, ECF 21 and 23, are **GRANTED**, subject to the conditions

that follow:

To reasonably assure the defendant's appearance and the safety of the community, the

defendant will be released subject to a $100,000 Bond Secured by 3069 Salmon Street (a rental

property owned by the Defendant) and 3049 Almond Street (a property owned by the Defendant

and his wife which is occupied by his family).:

Release is Delayed until Release approved by U.S. Pretrial Services to allow for

immediate Installation of Location Monitoring Equipment at The U.S. Pretrial Services Office in

Allentown, PA.

It is **FURTHER ORDERED** that the follow conditions apply, with violation of any one

immediate ground for detention:

1.      Defendant shall report to U.S. Pretrial Services as directed.
2.      Defendant shall continue to participate in mental health treatment/counseling under the
supervision of U.S. Pretrial Services.
3.      Defendant shall be subject to Home Incarceration with Location Monitoring through
GPS. Defendant is restricted to 24-hour-a-day lock-down at his residence except for medical

1

necessities, mental health treatment, meetings with Defense Counsel, and court appearances or other activities specifically approved by the court.

4.      Defendant shall maintain residence at 480 Springfield Drive, Southampton, PA 18933, with his sister Regina Frey and parents, Peter and Lanore Frey.

5.      Regina Frey will act as Third-Party Custodian, and she agrees to assume supervision and to report any violation of release conditions to U.S. Pretrial Services.

6.      Defendant must abide by the terms of the safety plan implemented by the Philadelphia Department of Human Services.

7.      Defendant's travel is restricted to the Eastern District of Pennsylvania unless approved in advance by U.S. Pretrial Services.

8.      Defendant must surrender any passport, and not apply for or obtain a new passport.

9.      Defendant shall have no contact with minors under the age of 18, nor contact with his biological children unless with the permission/approval of Philadelphia Department of Human Services and under the supervision Third Party Custodian Regina Frey. Defendant will be required to submit documentation from Human Services that any contact has been authorized.

10.     The Defendant is subject to computer/internet restrictions which are to be monitored by U.S. Pretrial Services and may include manual inspection, use of minimally invasive internet detection devices, and/or installation of computer monitoring software to ensure compliance with the imposed restrictions, as follows:

a.      No computer: The Defendant is prohibited from possession and/or use of any computers and connected devices. The only exception to this prohibition is for telemedicine appointments supervised by his Third-Party Custodian Regina Frey.

b.      Other Residents: By consent of other residents, all computers located at the address of record shall be subject to inspection to ensure the equipment is password protected.

c.      Mobile Phone, no internet access: The Defendant is permitted possession and use of a mobile telephone through U.S. Pretrial Services' Contracted "Safe Phone" program or other approved cellular device. The defendant is responsible for all fees and costs associated with the Safe Phone.

11.     Defendant must surrender and may not possess firearms or other dangerous weapons.

12.     Defendant must report to the pretrial services officer or supervising officer every contact with law enforcement personnel, and he must also report in advance to pretrial services any change in address, telephone number.


        /s/ Gerald Austin McHugh
        United States District Judge


2

# EXHIBIT 5

3/27/2021                     Case 2:20-cv-05844-MSG Document 16-1 Filed 04/05/21 Page 44 of 61
United States District Court Eastern District of Pennsylvania

INDI

# United States District Court
## Eastern District of Pennsylvania (Philadelphia)
## CRIMINAL DOCKET FOR CASE #: 2:20-mj-01704-MSG-1

Case title: USA v. FREY                                    Date Filed: 10/20/2020

Assigned to: HONORABLE MITCHELL S.
GOLDBERG

**Defendant (1)**

**JON FREY**                          represented by   **GREGORY J. PAGANO**
*also known as*                                        GREGORY J PAGANO PC
"VICTORBRAVO9922"                                      1315 WALNUT ST 12TH FL
                                                       PHILADELPHIA, PA 19107
                                                       215-636-0160
                                                       Fax: 215-636-0164
                                                       Email: gpagano@paganolaw.net
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*
                                                       Designation: Retained

**Pending Counts**                                     **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**                                  **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                                         **Disposition**
18:2252(a)(2) - DISTRIBUTION AND
ATTEMPTED DISTRIBUTION OF
CHILD PORNOGRAPHY

**Plaintiff**

**USA**                               represented by   **JEE-EUN JEANETTE KANG**
                                                       U.S. ATTORNEY'S OFFICE - EDPA
                                                       615 CHESTNUT ST SUITE 1250

PHILADELPHIA, PA 19106
215-861-8204
Email: jeanette.kang@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/20/2020 | 1 | COMPLAINT as to JON FREY (1). (mac, ) (Entered: 10/20/2020) |
| 10/20/2020 | 2 | MOTION AND ORDER AS TO JON FREY THAT THIS MATTER IS SEALED AND IMPOUNDED UNTIL FURTHER ORDER OF THE COURT, ETC. Signed by MAGISTRATE JUDGE DAVID R. STRAWBRIDGE on 10/16/20.10/20/20 Entered. (mac, ) (Entered: 10/20/2020) |
| 10/20/2020 | | Arrest of JON FREY (mac, ) (Entered: 10/20/2020) |
| 10/20/2020 | 3 | Minute Entryfor proceedings held before MAGISTRATE JUDGE HENRY S. PERKIN Initial Appearance as to JON FREY held on 10/20/20. The Government's Motion for Temporary Detention is Granted. A detention hearing/pc hearing are scheduled for Thursday, October 22, 2020 at 1:30 p.m. ATTORNEY GREGORY J. PAGANO for JON FREY ADDED IN CASE. Signed by Judge Henry S. Perkin.Court Reporter ESR.(mac, ) (Entered: 10/20/2020) |
| 10/20/2020 | 4 | MOTION AND ORDER AS TO JON FREY THAT THIS MATTER IS HEREBY UNSEALED. Signed by MAGISTRATE JUDGE LYNNE A. SITARSKI on 10/20/20.10/20/20 Entered and Copies E-Mailed. (mac, ) (Entered: 10/20/2020) |
| 10/22/2020 | 5 | MOTION for Release from Custody by JON FREY. (PAGANO, GREGORY) (Entered: 10/22/2020) |
| 10/22/2020 | 6 | SEALED MOTION FILED BY USA AS TO JON FREY, CERTIFICATE OF SERVICE. (mac, ) (mac, ). (Entered: 10/22/2020) |
| 10/22/2020 | 7 | SEALED ORDER AS TO JON FREY. Signed by MAGISTRATE JUDGE HENRY S. PERKIN on 10/21/20.10/22/20 Entered and Copies Not Mailed. (mac, ) (mac, ). (Entered: 10/22/2020) |
| 10/22/2020 | 8 | MOTION for PRETRIAL DETENTION *(CERTIFICATE OF SERVICE)* by USA as to JON FREY. (KANG, JEE-EUN) (Entered: 10/22/2020) |
| 10/22/2020 | 9 | ORDER OF DETENTION AS TO JON FREY (1) THAT THE DEFENDANT SHALL REMAIN IN DETENTION PENDING FURTHER PROCEEDINGS IN THIS MATTER AND IS REMANDED TO THE CUSTODY OF THE UNITED STATES MARSHALS SERVICE FOR THAT PURPOSE. Signed by MAGISTRATE JUDGE HENRY S. PERKIN on 10/22/20.10/22/20 ENTERED AND COPIES E-MAILED.(mas, ) (Entered: 10/22/2020) |
| 10/22/2020 | 10 | Minute Entry for proceedings held before MAGISTRATE JUDGE HENRY S. PERKIN. Detention Hearing as to JON FREY held on 10/22/20. The Defendant stipulated to probable. The Government's Motion for Pretrial Detention is Granted. The Defendant is detained pending further proceedings Court Reporter. (mas, ) (Entered: 10/22/2020) |
| 10/26/2020 | | DOC. #7 MAILED TO JEE-EUN JEANETTE KANG AS TO JON FREY (tomg, ) (Entered: 10/26/2020) |
| 11/03/2020 | 11 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by JON FREY re 9 |

| | | |
|---|---|---|
| | | Order on Motion for Pretrial Dentention, (PAGANO, GREGORY) (Entered: 11/03/2020) |
| 11/03/2020 | | ***Judge update in case as to JON FREY. HONORABLE MITCHELL S. GOLDBERG added. (ap, ) (Entered: 11/03/2020) |
| 11/03/2020 | 12 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by JON FREY re 9 Order on Motion for Pretrial Dentention, (PAGANO, GREGORY) (Entered: 11/03/2020) |
| 11/04/2020 | 13 | NOTICE OF HEARING as to JON FREY BAIL HEARING ON APPEAL FROM MAGISTRATE JUDGE DECISION SET FOR WEDNESDAY, DECEMBER 2, 2020 AT 2:45 P.M. BEFORE THE HONORABLE MITCHELL S. GOLDBERG IN COURTROOM 13-B. (ss) (Entered: 11/04/2020) |
| 11/18/2020 | | ***Case unsealed as to JON FREY (ke, ) (Entered: 11/18/2020) |
| 12/15/2020 | 14 | REDACTION by JON FREY to 12 Appeal of Magistrate Judge Decision to District Court filed by JON FREY (Attachments: # 1 Exhibit exhibit A, # 2 Exhibit exhibit b)(PAGANO, GREGORY) (*Filed in error - to be refiled in CR case.*) Modified on 12/16/2020 (ap, ). (Entered: 12/15/2020) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/27/2021 15:37:45 | | |
| **PACER Login:** | User2015:2550765:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:20-mj-01704-MSG |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

# EXHIBIT 6

## Blythe, Michele

| | |
|---|---|
| **From:** | Anthony Paronich <anthony@paronichlaw.com> |
| **Sent:** | Sunday, February 28, 2021 1:32 PM |
| **To:** | Daly, Michael P.; Morton Denlow; Stewart Deborah; murphy@mmmb.com; misny@mmmb.com |
| **Cc:** | Crawford, Stephen; Blythe, Michele; Indych, Marsha J. |
| **Subject:** | RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092 |
| **Attachments:** | 2021.02.28 Final Settlement Agreement.docx; Exhibit 8 -- Motion for a Stay.docx; Exhibit 9 -- Stipulation of Dismissal.docx |

Caution - External Email (anthony@paronichlaw.com)

Report this Email     Quick response     Emergency response     Tips

Hello, all. Thank you, Michael, for the draft and progress here.

First, I was mistaken in our conversation on Friday when I stated that the internet submission of the publication notice claim form was from PALMCO, that was from another solar settlement against SunRun. While we didn't feel particularly strongly either way on that, confirming that the process proposed by Frontier is what we used in PALMCO allows us to finalize our agreement on that issue.

After reviewing and consulting with our clients, they did not want to allow their proposed incentive award to be the only outstanding item in the agreement, and have agreed that they will each apply for a $5,000 incentive award.

As such, we're ready for a signature version and will take a look for the exhibits. If you could provide them tomorrow, we'd appreciate that. As requested, the attached inserts exhibit numbers to contemplate the two new exhibits. Draft of those are also attached.

Once we're signed, we're fine with extending the *Perrong* responsive pleading deadline for Frontier.

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

**From:** Daly, Michael P. <michael.daly@faegredrinker.com>
**Sent:** Saturday, February 27, 2021 8:56 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Morton Denlow <mortdenlow@gmail.com>; Stewart Deborah <dstewart@jamsadr.com>; murphy@mmmb.com; misny@mmmb.com
**Cc:** steve.crawford@gexaenergy.com; michele.blythe@nexteraenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

<u>**Protected by Rule 408**</u>

Anthony:

A clean revised draft of the Settlement Agreement is attached for your review.  Please note that this draft is still being reviewed by Frontier and is not a final draft for execution.  There are three margin notes for your attention that I've highlighted in yellow for ease of reference.  We can circulate a digital comparison to your last version in the morning if it would be helpful.

We are continuing to work on the exhibits to revise them and conform them to this draft of the agreement.  We will circulate those separately as soon as we're in a position to do so.

Best,

**Michael P. Daly**
**Faegre Drinker Biddle & Reath LLP**
Call: +1 215 988 2604
Connect: vCard

**From:** Daly, Michael P.
**Sent:** Saturday, February 27, 2021 11:30 AM
**To:** 'Anthony Paronich' <anthony@paronichlaw.com>; Morton Denlow <mortdenlow@gmail.com>; Stewart Deborah <dstewart@jamsadr.com>; murphy@mmmb.com; misny@mmmb.com
**Cc:** steve.crawford@gexaenergy.com; michele.blythe@nexteraenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

Thanks for checking in.  We will be circulating a revised draft of the agreement this weekend.  The exhibits will follow separately.

**Michael P. Daly**
**Faegre Drinker Biddle & Reath LLP**
Call: +1 215 988 2604
Connect: vCard

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Saturday, February 27, 2021 9:48 AM
**To:** Daly, Michael P. <michael.daly@faegredrinker.com>; Morton Denlow <mortdenlow@gmail.com>; Stewart Deborah <dstewart@jamsadr.com>; murphy@mmmb.com; misny@mmmb.com
**Cc:** steve.crawford@gexaenergy.com; michele.blythe@nexteraenergy.com; Indych, Marsha J.

<marsha.indych@faegredrinker.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

**This Message originated outside your organization.**

---

Hello, all. I understood that after speaking with Mike and Marsha that we may not receive the proposed final package yesterday. However, can you please confirm that we will receive it this weekend or Monday?

Anthony

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Thursday, February 25, 2021 10:51 AM
**To:** 'Daly, Michael P.' <michael.daly@faegredrinker.com>; 'Morton Denlow' <mortdenlow@gmail.com>; 'Stewart Deborah' <dstewart@jamsadr.com>; 'murphy@mmmb.com' <murphy@mmmb.com>; 'misny@mmmb.com' <misny@mmmb.com>
**Cc:** 'steve.crawford@gexaenergy.com' <steve.crawford@gexaenergy.com>; 'michele.blythe@nexteraenergy.com' <michele.blythe@nexteraenergy.com>; 'Indych, Marsha J.' <marsha.indych@faegredrinker.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

Hello, Mike. That's fine, but I want to ensure we'll still receive a proposed final draft tomorrow of the agreement and exhibits. This is languishing a bit longer that we anticipated based on the timeline we discussed at the mediation.

I'm available from 9:00-10 or 12-2.

Anthony

---

**From:** Daly, Michael P. <michael.daly@faegredrinker.com>
**Sent:** Thursday, February 25, 2021 10:43 AM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Morton Denlow <mortdenlow@gmail.com>; Stewart Deborah <dstewart@jamsadr.com>; murphy@mmmb.com; misny@mmmb.com
**Cc:** steve.crawford@gexaenergy.com; michele.blythe@nexteraenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

Anthony if it is alright with you we need to move this call to tomorrow.  I think we'll have a more productive call then.  Can you please let us know what times would be convenient?  Thanks,

MPD

---

**From:** Daly, Michael P.
**Sent:** Wednesday, February 24, 2021 5:54 PM
**To:** 'Anthony Paronich' <anthony@paronichlaw.com>; Morton Denlow <mortdenlow@gmail.com>; Stewart Deborah <dstewart@jamsadr.com>; murphy@mmmb.com; misny@mmmb.com
**Cc:** steve.crawford@gexaenergy.com; michele.blythe@nexteraenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>

3

**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

Thanks, Anthony.  Marsha and I will plan to call you at 11.

MPD

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Wednesday, February 24, 2021 5:14 PM
**To:** Daly, Michael P. <michael.daly@faegredrinker.com>; Morton Denlow <mortdenlow@gmail.com>; Stewart Deborah <dstewart@jamsadr.com>; murphy@mmmb.com; misny@mmmb.com
**Cc:** steve.crawford@gexaenergy.com; michele.blythe@nexteraenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

**This Message originated outside your organization.**

---

Hello:

Anytime from 10-11:30 will work if you have a window in there.

Anthony

---

**From:** Daly, Michael P. <michael.daly@faegredrinker.com>
**Sent:** Wednesday, February 24, 2021 4:59 PM
**To:** Morton Denlow <mortdenlow@gmail.com>; Stewart Deborah <dstewart@jamsadr.com>; Anthony Paronich <anthony@paronichlaw.com>; murphy@mmmb.com; misny@mmmb.com
**Cc:** steve.crawford@gexaenergy.com; michele.blythe@nexteraenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

Thank you, Judge Denlow.

Anthony can you let us know when you might have time tomorrow to go over some open issues?  If you want to send a draft of a short term sheet our client would of course review one.

Thanks,

**Michael P. Daly**
**Faegre Drinker Biddle & Reath LLP**
Call: +1 215 988 2604
Connect: vCard

---

**From:** Morton Denlow <mortdenlow@gmail.com>
**Sent:** Wednesday, February 24, 2021 12:38 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Daly, Michael P. <michael.daly@faegredrinker.com>;

murphy@mmmb.com; misny@mmmb.com; michele.blythe@nexteraenergy.com; steve.crawford@gexaenergy.com;
Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Cc:** Stewart Deborah <dstewart@jamsadr.com>
**Subject:** Re: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No.
1340019092


**This Message originated outside your organization.**

_____

Dear Counsel:

I appreciate the hard work you are all putting in to bring about a settlement agreement. We made great progress at the mediation and a monetary amount was agreed upon, subject to the the preparation and execution of a mutually acceptable settlement agreement.

My procedures generally require the execution of a term sheet to be followed by a comprehensive settlement agreement. I understood that Frontier was unwilling to sign a term sheet both because of a recent bad experience and the lack of electricity, heat and water which made further work impossible that night.  Frontier insisted on going directly to a settlement agreement.

Based on your exchange of emails, I perceive both parties to be working in utmost good faith to bring about a mutually agreeable settlement agreement.  Frontier's procedures require further internal review.  Keep your line of communications open to address any remaining issues.

If at some point I can be of further assistance, please feel free to reach out to me. I do not want to lose the momentum generated at the mediation and continued by your hard work since then.

All the best,

Mort Denlow
mortdenlow@gmail.com
Cell:847-204-5405


On Feb 24, 2021, at 8:44 AM, Anthony Paronich <anthony@paronichlaw.com> wrote:


Thanks, Mike. We'll look for those drafts by Friday.

Given the opinion day tomorrow at the Supreme Court, and the progress we've made thus far, I do think it would make sense for both sides to work through a binding term sheet today. Please let us know your thoughts.

Regards,

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018

[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com

This email message may contain legally privileged and/or confidential information.  If you are not the
intended recipient(s), or the employee or agent responsible for delivery of this message to the intended
recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message
is strictly prohibited. If you have received this message in error, please immediately notify the sender and
delete this e-mail message from your computer.

---

**From:** Daly, Michael P. <michael.daly@faegredrinker.com>
**Sent:** Tuesday, February 23, 2021 10:15 PM
**To:** Morton Denlow <mortdenlow@gmail.com>; Stewart Deborah <dstewart@jamsadr.com>; Anthony
Paronich <anthony@paronichlaw.com>; murphy@mmmb.com; misny@mmmb.com
**Cc:** michele.blythe@nexteraenergy.com; steve.crawford@gexaenergy.com; Indych, Marsha J.
<marsha.indych@faegredrinker.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS
Ref No. 1340019092

Judge Denlow—Thank you.  Frontier has been working diligently on the drafts of the agreement, notices,
claim form, and orders despite the lingering power/heat/water issues in Texas.  We hope to be in a
position to circulate a near-final draft later this week.

Anthony—I got your voicemail this morning.  Sorry for the delay in responding.  Your latest draft left a
number of items for us to address.  We have done that and Frontier is now reviewing those
changes.  With respect to the timeline for signatures, we no longer think that a compressed schedule is
achievable given the extent of the changes that needed to be made.  We also still have some areas of
disagreement that will need to be discussed.  Once those are resolved a final agreement would need to
be reviewed by the legal and business teams before Frontier would be able to execute it.  We know that
you would like a signed final agreement as soon as possible and we have been working with the utmost
haste to make that happen.  But Frontier can't short circuit the necessary internal review just because
we all want expediency.  We will circulate a revised draft as soon as we can.

**Michael P. Daly**
**Faegre Drinker Biddle & Reath LLP**
Call: +1 215 988 2604
Connect: vCard

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Tuesday, February 23, 2021 4:37 PM
**To:** Morton Denlow <mortdenlow@gmail.com>
**Cc:** Daly, Michael P. <michael.daly@faegredrinker.com>; murphy@mmmb.com; misny@mmmb.com;
Stewart Deborah <dstewart@jamsadr.com>; michele.blythe@nexteraenergy.com;
steve.crawford@gexaenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS
Ref No. 1340019092

**This Message originated outside your organization.**

Thank you, Judge Denlow. We have made progress, but with a prior goal of signing by last Friday, February 19, we do hope to receive the settlement agreement in final today along with a draft of the proposed final exhibits from Frontier.

Mike, do you have an update on that?


----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.


**From:** Morton Denlow <mortdenlow@gmail.com>
**Sent:** Monday, February 22, 2021 4:28 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>
**Cc:** Daly, Michael P. <michael.daly@faegredrinker.com>; murphy@mmmb.com; misny@mmmb.com; Stewart Deborah <dstewart@jamsadr.com>; michele.blythe@nexteraenergy.com; steve.crawford@gexaenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Subject:** Re: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

I am following up. It appears you are making progress. Keep me in the email loop so I can be sure you stay on track. Keep plugging away.

Michele and Steve, I hope conditions are improving for you in Texas.

All the best,

Mort Denlow
mortdenlow@gmail.com
Cell:847-204-5405


On Feb 21, 2021, at 11:24 AM, Anthony Paronich <anthony@paronichlaw.com> wrote:

Thank you, Michael. We have redlined this version. I've also included my macro notes below in the event there is anything we should discuss with Judge Denlow or that he would like to offer his input:

- We put back in the Non-Monetary Relief section, which we think is important for approvability in demonstrating a benefit obtained for non-claiming publication notice class members.
- While noting that Frontier will likely object at final approval, we have put back that each plaintiff will apply for a $10,000 service award
- The *Frey* action should be dismissed two days after the Effective Date instead of execution date. If the settlement doesn't receive approval, we can't be in a position where we have dismissed with prejudice.
- I believe all questions in the comments were addressed, but if not I'm happy to chat about any of them.

Anthony

---

**From:** Daly, Michael P. <michael.daly@faegredrinker.com>
**Sent:** Saturday, February 20, 2021 7:10 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; murphy@mmmb.com; misny@mmmb.com
**Cc:** Mort Denlow <mortdenlow@gmail.com>; Stewart Deborah <dstewart@jamsadr.com>; michele.blythe@nexteraenergy.com; steve.crawford@gexaenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

**<u>Protected by Rule 408</u>**

Anthony, Brian, and Jonathan:

With apologies for the hour of this weekend email, here for your review is a clean revised draft of a settlement agreement.

Please let us know if you'd like us to generate and circulate a digital comparison of this and your original draft. It seems that the original draft had some sort of persistent corruption that (among other things) kept stripping out tracked changes and the authors of margin notes. Suffice it to say that this made the review process harder and—more importantly for present purposes—longer than usual. My crude workaround was to finally cut and paste the text into a new document and reformat it. That seems to have worked, at least for the time being.

We've noted in the margin where we think some work still needs to be done with regard to, for example, certain defined terms and some internal consistency issues. We've highlighted those comments for ease of reference. If those don't come through on your end let us know and we can send a PDF of this as well.

Finally, per my prior email, this is not meant to be a final draft for execution. We and Frontier are still reviewing it and reserve the right to make further refinements. We are working through the notices and other related documents—which we had to decouple

from this document for the time being due to the issue noted above—and will circulate revised drafts of those as soon as we can.

I don't have anything especially interesting planned for tomorrow, so if you would like to discuss anything just let me know.

Thanks,

**Michael P. Daly**
**Faegre Drinker Biddle & Reath LLP**
Call: +1 215 988 2604
Connect: vCard

---

**From:** Mort Denlow <mortdenlow@gmail.com>
**Sent:** Friday, February 19, 2021 7:47 AM
**To:** Anthony Paronich <anthony@paronichlaw.com>
**Cc:** Daly, Michael P. <michael.daly@faegredrinker.com>; murphy@mmmb.com; misny@mmmb.com; Stewart Deborah <dstewart@jamsadr.com>; michele.blythe@nexteraenergy.com; steve.crawford@gexaenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Subject:** Re: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

**This Message originated outside your organization.**

---

Anthony and Mike:

Good luck in your discussions today. You can do it. Keep plugging away. Let me know when you have finalized a deal.

I hope conditions in Houston have improved. Michele and Steve I am thinking about you and your families. When you settle I will send deep dish pizzas to all.

All the best,

Mort Denlow
mortdenlow@gmail.com
Cell: 847-204-5405

> On Feb 18, 2021, at 7:37 PM, Anthony Paronich <anthony@paronichlaw.com> wrote:
>
>
> Either should work.
>
> ---
> **From:** Daly, Michael P. <michael.daly@faegredrinker.com>
> **Sent:** Thursday, February 18, 2021 8:27 PM
> **To:** Anthony Paronich <anthony@paronichlaw.com>

**Cc:** murphy@mmmb.com; misny@mmmb.com; Morton Denlow <mortdenlow@gmail.com>; Stewart Deborah <dstewart@jamsadr.com>; Michele.Blythe@nexteraenergy.com; steve.crawford@gexaenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Subject:** Re: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

That works.  I'll call you then.  Office number or cell?

Sent from my iPhone

On Feb 18, 2021, at 8:01 PM, Anthony Paronich <anthony@paronichlaw.com> wrote:

**This Message originated outside your organization.**

Thanks, how about 9:00 AM?

**From:** Daly, Michael P. <michael.daly@faegredrinker.com>
**Sent:** Thursday, February 18, 2021 8:00 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; murphy@mmmb.com; misny@mmmb.com
**Cc:** Morton Denlow <mortdenlow@gmail.com>; Stewart Deborah <dstewart@jamsadr.com>; michele.blythe@nexteraenergy.com; steve.crawford@gexaenergy.com; Indych, Marsha J. <marsha.indych@faegredrinker.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities Northeast LLC and Energy Acquisitions Group LLC - JAMS Ref No. 1340019092

Anthony:

Thanks for checking in.  This has had my full attention since you circulated drafts late yesterday.  We have been working hard to revise the agreement, orders, notices, and claim forms.  We have made good progress but are not done yet.  My clients are also still dealing with extraordinary weather-related complications as you know.

Would you have time tomorrow to discuss our revisions and next steps?  I am free all morning except 10:30-11:00 Eastern.  I am also free most of the afternoon if that's better.  I don't think we need to trouble Judge

Denlow but if you think that would be helpful I am open
to that of course.

Best,

**Michael P. Daly**
**Faegre Drinker Biddle & Reath LLP**
Call: +1 215 988 2604
Connect: vCard

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Thursday, February 18, 2021 6:39 PM
**To:** Morton Denlow <mortdenlow@gmail.com>;
murphy@mmmb.com; misny@mmmb.com; Daly,
Michael P. <michael.daly@faegredrinker.com>;
michele.blythe@nexteraenergy.com;
steve.crawford@gexaenergy.com
**Cc:** Stewart Deborah <dstewart@jamsadr.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities
Northeast LLC and Energy Acquisitions Group LLC -
JAMS Ref No. 1340019092

**This Message originated outside your organization.**

---

Michael:

With a signature date of tomorrow, we wanted to circle
back on any edits to the attached.

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com

This email message may contain legally privileged
and/or confidential information.  If you are not the
intended recipient(s), or the employee or agent
responsible for delivery of this message to the intended
recipient(s), you are hereby notified that any
dissemination, distribution or copying of this e-mail
message is strictly prohibited. If you have received this
message in error, please immediately notify the sender
and delete this e-mail message from your computer.

11

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Wednesday, February 17, 2021 3:45 PM
**To:** Morton Denlow <mortdenlow@gmail.com>;
murphy@mmmb.com; misny@mmmb.com;
michael.daly@dbr.com;
michele.blythe@nexteraenergy.com;
steve.crawford@gexaenergy.com
**Cc:** Stewart Deborah <dstewart@jamsadr.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities
Northeast LLC and Energy Acquisitions Group LLC -
JAMS Ref No. 1340019092

Hello, all. The Plaintiffs' draft of the Class Action
Settlement Agreement and Exhibits is attached.

Please note that the Settlement Agreement envisions
the automatic distribution to the Closed Sales List, but
we have not changed the exhibits to reflect that
because we wanted to ensure that we have an
agreement on that first before making the change.

We're available to discuss and look forward to receiving
Frontier's edits shortly so we can be in a position to sign
by Friday.


----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com


This email message may contain legally privileged
and/or confidential information.  If you are not the
intended recipient(s), or the employee or agent
responsible for delivery of this message to the intended
recipient(s), you are hereby notified that any
dissemination, distribution or copying of this e-mail
message is strictly prohibited. If you have received this
message in error, please immediately notify the sender
and delete this e-mail message from your computer.

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Wednesday, February 17, 2021 9:16 AM
**To:** 'Morton Denlow' <mortdenlow@gmail.com>;
'murphy@mmmb.com' <murphy@mmmb.com>;
'misny@mmmb.com' <misny@mmmb.com>;
'michael.daly@dbr.com' <michael.daly@dbr.com>;
'michele.blythe@nexteraenergy.com'
<michele.blythe@nexteraenergy.com>;
'steve.crawford@gexaenergy.com'
<steve.crawford@gexaenergy.com>
**Cc:** 'Stewart Deborah' <dstewart@jamsadr.com>
**Subject:** RE: Frey, Jon, et al. vs. Frontier Utilities
Northeast LLC and Energy Acquisitions Group LLC -
JAMS Ref No. 1340019092

Thank you, Judge. We will do so.

I also wanted to extend my appreciation to Michele and
Steve. After a long day of negotiations, things were
certainly tense at the end, but you both would have
been well within reason to call it a day earlier than you
did based on what you were dealing with at home.

We started working on the settlement agreement and
exhibits last night and we will be done today.


----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100
https://www.paronichlaw.com

This email message may contain legally privileged
and/or confidential information.  If you are not the
intended recipient(s), or the employee or agent
responsible for delivery of this message to the intended
recipient(s), you are hereby notified that any
dissemination, distribution or copying of this e-mail
message is strictly prohibited. If you have received this
message in error, please immediately notify the sender
and delete this e-mail message from your computer.


**From:** Morton Denlow <mortdenlow@gmail.com>
**Sent:** Wednesday, February 17, 2021 8:44 AM
**To:** murphy@mmmb.com; misny@mmmb.com;

anthony@paronichlaw.com; michael.daly@dbr.com;
michele.blythe@nexteraenergy.com;
steve.crawford@gexaenergy.com
**Cc:** Stewart Deborah <dstewart@jamsadr.com>
**Subject:** Frey, Jon, et al. vs. Frontier Utilities Northeast
LLC and Energy Acquisitions Group LLC - JAMS Ref No.
1340019092


Dear Counsel:

Yesterday was a long and productive day.  Agreement
was reached on a $3,200,000 class action common fund
settlement, subject to finalizing a mutually agreeable
settlement agreement and obtaining court approval.
Your careful preparation and negotiation of the class
action checklist leading up to the mediation resulted in
an agreement on certain material terms to be included
in your settlement agreement. More discussion is
needed to finalize several remaining issues.

Plaintiffs' counsel will forward a draft settlement
agreement today with the expectation that defendants
will promptly review and comment on it. The goal is to
finalize a settlement agreement as soon as possible,
subject to the serious problems faced by Michele and
Steve caused by the storms in Houston.

Michele and Steve, I want to pay special thanks to you
for working from your respective homes dealing with no
heat, electricity and broken water pipes. You went
above and beyond the call of duty. I hope these
problems are quickly resolved and that you and your
families are ok.

I urge the parties to work cooperatively to finalize a
settlement agreement. Do not lose the momentum we
generated yesterday. A settlement is your path to the
7Cs. Please copy me in on your communications and
reach out to me if you need my help. I will plan to
follow up next Monday if I do not hear from you before
then.

All the best,

Mort Denlow
mortdenlow@gmail.com
Cell:847-204-5405


<2021.02.20 Revised Draft Frontier Perrong Frey Settlement Agreement -- Plaintiff
Redline.docx>