UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FRONTIER UTILITIES NORTHEAST LLC and NEXT GENERATION ENERGY, INC.,<br><br>    Defendants. | Case No. 2:20-cv-05844-MSG |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT FRONTIER UTILITIES NORTHEAST LLC'S MOTION TO STRIKE**

**INTRODUCTION**

In conjunction with its notice that it intends to oppose Plaintiff's Motion for Preliminary Approval of Settlement Agreement, Defendant Frontier Utilities Northeast LLC ("Frontier") made an inappropriate motion to strike Plaintiff's Motion in its entirety. Frontier alludes to and previews certain arguments it intends to make in its forthcoming opposition brief. That being the case, the Court should wait until Frontier articulates those arguments and sets forth any legal basis it may believe it has for them before ruling on them. A motion to strike is simply not the proper vehicle for a party to oppose a motion—that is what opposition briefs are for, and that is what Frontier has already said it intends to file.

In what is also sure to be a preview of what the Court can expect in Frontier's opposition brief, Frontier makes numerous false accusations of misrepresentation. Plaintiff's Motion does not misrepresent anything. Plaintiff fully informed the Court that Frontier was claiming the Settlement Agreement was breached, why Frontier believed it was breached, and that Frontier

appeared poised to try to frustrate the settlement and pay the class nothing. Plaintiff never represented that Frontier joined in the motion or was requesting any of the relief set forth therein or certified that the motion was uncontested under Local Rule 7.1. In keeping with its strategy of accusing anyone and everyone of making misrepresentations, Frontier even goes as far as to argue that Plaintiff's Motion should be stricken because it *attaches misrepresentations that Frontier itself made in the Settlement Agreement*, *i.e.*, that Frontier agreed to and would not oppose class certification for settlement purposes. That Frontier's representations in that regard were false is clear, but that doesn't mean that those obligations don't still exist. Plaintiffs are proceeding to fulfill their obligations under the Settlement Agreement. Frontier may wish that it could simply declare the Settlement Agreement "null and void" and may wish that this Court would do the same to Plaintiff's Motion by striking it, but that is not the law. Frontier's Motion to Strike must be DENIED.

## LEGAL STANDARD

Frontier cites no legal authority to support its request to strike Plaintiff's entire Motion for Preliminary Approval of Settlement Agreement. Frontier asks the Court to exercise its inherent authority to strike documents. However, "Rule 12(f), which permits a motion to strike, by its terms applies only to pleadings, and a court's inherent authority to strike documents other than pleadings is wielded only in rare circumstances." *Sincavage v. Schott N. Am.*, No. 3:18-CV-01231, 2018 U.S. Dist. LEXIS 172902, at *26-27 (M.D. Pa. Oct. 5, 2018). Moreover, "[i]n general, motions to strike are disfavored and infrequently granted." *Trustees of the Univ. of Pennsylvania v. Mayflower Transit*, No. 97-1111, 1997 U.S. Dist. LEXIS 14577, at *6 (E.D. Pa. Sept. 16, 1997) (citing *King v. M.R. Brown, Inc.*, 911 F. Supp. 161, 169 (E.D. Pa. 1995)). "Motions to strike are often denied in the absence of a showing of prejudice to the moving

party." *Trustees of the Univ. of Pennsylvania,* 1997 U.S. Dist. LEXIS 14577, at *6  (citing *Great West Life Assurance Co. v. Levithan*, 834 F. Supp. 858, 864 (E.D. Pa. 1993)).

## LAW AND ARGUMENT

Frontier has already informed the Court via its Notice of Intent to File Opposition to Motion for Preliminary Approval of Settlement Agreement that it intends to file a brief in opposition to Plaintiff's Motion for Preliminary Approval of Settlement Agreement.  If that is what Frontier is going to do, Frontier should simply go ahead and file its brief.  There is no reason for the Court to strike Plaintiff's Motion before Frontier articulates its arguments in opposition to it.  Nor is there any reason to strike Plaintiff's Motion after those arguments are articulated.  If the Court finds Frontier's arguments to be meritorious, the Court can deny the Motion or issue any other order it deems appropriate with respect to the Motion.

Frontier apparently intends to make a substantive legal argument that it is fraudulent inducement for counsel during a settlement negotiation not to volunteer publicly available information to their adversary that the adversary could have and later did research for itself about criminal allegations against one of the two plaintiffs that signed the settlement agreement. Frontier further apparently intends to argue that one party to a fully executed settlement agreement has the ability, upon doing a background check of the party it just settled with, to unilaterally declare a settlement agreement "null and void," the right to demand the other party to "cease and desist" with fulfilling its obligations under the agreement, and the right to breach its own obligations under the agreement.  Those legal arguments, which to this point have only been alluded to, shouldn't be resolved on a motion to strike, particularly not a motion to strike that doesn't even set forth any legal authority as to those arguments.  If there is some arguable good faith legal basis for these arguments, presumably Frontier will make that known to the Court in

its forthcoming opposition brief.  The appropriate place for the Court to consider whether Frontier's arguments have any merit will be in connection with that brief.

In keeping with its strategy of attempting to back out of the settlement by accusing opposing counsel of making misrepresentations, Frontier makes additional accusations in its Motion to Strike that there are misrepresentations in the Motion for Preliminary Approval.  These accusations are meritless.

*First*, Frontier accuses Plaintiff's Motion of "intentionally misrepresenting" that a settlement has been reached between Frontier, Perrong, and Frey.  But a settlement has been reached.  The fully executed agreement was attached as Exhibit 1 to Plaintiff's Motion.  (Doc. 15-1.)  Frontier argues that it unilaterally declared the Settlement Agreement "null and void," but that does not make it so.[1]  Plaintiffs are moving forward to enforce the parties' agreement.

*Second*, Frontier accuses Plaintiffs of failing to advise the Court that the Motion for Preliminary Approval is contested.  However, Plaintiff clearly advised the Court that "Frontier sent a notice of breach of the Class Action Settlement Agreement" and provided a statement of what Frontier was claiming was a breach.  (*See* Doc. 15 p. 2 n.2.)  Plaintiff further informed the Court that "Frontier appears intent on trying to back out of the settlement and pay the class nothing on the basis of the prior charge to Mr. Frey."  (*Id.*)  Moreover, Plaintiff never stated that Frontier joined in the Motion in any way or that it was uncontested.  Indeed, if the motion was uncontested, Plaintiff would have filed a certificate of counsel that the motion was uncontested under Local Rule 7.1(b) and labeled the motion as unopposed, but Plaintiff didn't do so.  This in and of itself indicates the motion may be contested.

---

[1] That is actually a misrepresentation on Frontier's part, as Frontier's letter stated that "[t]hese misrepresentations and the fraudulent inducement *arguably* render the Settlement Agreement void"—not that Frontier viewed the settlement as null and void. (Doc. 16-1 p. 4 (emphasis added).)

4

*Third*, Frontier accuses itself of making false statements, and then accuses Plaintiffs of making a misrepresentation by attaching those statements of Frontier's to Plaintiff's Motion. Specifically, Frontier contends "**the Settlement Agreement attached as Exhibit 1 makes certain representations with respect to Frontier's position** on class certification under Rule 23 and the adequacy of Perrong, Frey, and their joint counsel **that are false**.  *See* Approval Mot. at Ex. 1 (Dkt. #15-1)." (Doc. 16 p. 3 (emphasis added).)  Those statements in the Settlement Agreement were Frontier's.  Specifically, Frontier represented in the Settlement Agreement that it would not attempt to frustrate the Settlement Agreement by challenging class certification. Frontier represented in Section 7.1.1 of the Settlement Agreement:

> **Frontier agrees not to contest certification of the Settlement Class, but specifically disputes that a class would otherwise be manageable in the Actions and denies that a litigation class properly could be certified on the claims asserted in the Actions.  However, solely for purposes of avoiding the expense and inconvenience of further litigation, Frontier does not oppose and hereby agrees to certification of the Settlement Class for settlement purposes only, pursuant to Fed. R. Civ. P. 23(b)(3).**

(Doc. 15-1 p. 18 § 7.1.1 (emphasis added).)  The time for Frontier to figure out whether it had any challenges to Mr. Frey's or Mr. Perrong's adequacy was before making this promise.  The fact that Frontier does not intend to honor its promise doesn't mean Plaintiff misrepresented anything to the Court by attaching Frontier's promise to Plaintiff's Motion.[2]  In fact, Frontier agreed to do more than just not oppose class certification.  Frontier agreed to use its *best efforts* to seek approval of the Settlement Agreement:

> Plaintiffs and Frontier agree that the terms of the Settlement Agreement reflect a good-faith settlement of disputed claims.  The Parties consider the settlement effectuated by this Settlement

---

[2] Frontier reserved the right to respond to Plaintiffs' applications for a service payment, which it remains free to do.  (*See* Doc. 15-1 p. 10 § 2.1.3.)

5

> Agreement to be fair and reasonable and **will use their best efforts to seek preliminary approval and, if granted, final approval of the Settlement Agreement by the Court**, including in responding to any objectors, intervenors, or other persons or entities seeking to preclude entry of the Final Approval Order and/or Final Judgment and, if the settlement is granted final approval, to effectuate the settlement's terms.

(*Id.* p. 25 § 9.5 (emphasis added).) It now appears Frontier is going to use its best efforts to frustrate approval of the Settlement Agreement rather than seek it. Plaintiff did want to be careful in his Motion for Preliminary Approval not to prematurely accuse Frontier of breaching Sections 7.1.1 and 9.5 of the Settlement Agreement in case Frontier decided to honor its promises, but now it is safe to say Frontier intends to breach those sections if it hasn't already.

*Fourth*, Plaintiff's Motion was not an "unauthorized filing." To the contrary, it was contractually required under Plaintiffs' agreement with Frontier. (*See id.* pp. 18-19 §§ 7.1.1, 7.1.2). Frontier authorized the filing and the proposed order when it executed the Settlement Agreement. A request to "cease and desist" doesn't change that. As they have explained, Plaintiffs are proceeding to meet their obligations under the Settlement Agreement. Frontier has chosen to act in direct contravention to its obligations.

If Frontier wants to be relieved of its obligations under the Settlement Agreement, it is simply going to have to do more than unilaterally declare it "null and void" and is going to have to demonstrate to the Court with reference to some legal authority why the Settlement Agreement it freely entered into with the aid of counsel is in fact a nullity. Since Frontier apparently intends to try to make this showing in its upcoming opposition brief, the Court should consider Frontier's arguments in connection therewith. The "highly disfavored" and "infrequently granted" vehicle of a Motion to Strike is not the place for the Court to resolve the enforceability of the Settlement Agreement, no matter how many times the moving party makes

6

unjustified accusations of misrepresentation.

## CONCLUSION

For the foregoing reasons, Frontier's Motion to Strike should be DENIED.

Respectfully submitted,

**/s/ Joseph F. Murray**
Joseph F. Murray (327025)
Brian K. Murphy (admitted *pro hac vice*)
Jonathan P. Misny (admitted *pro hac vice*)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murray@mmmb.com
            murphy@mmmb.com
            misny@mmmb.com

Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

**/s/ Joseph F. Murray**
Joseph F. Murray