# Exhibit C

# PARONICH LAW, P.C.

99 High St., Suite 304
Boston, Massachusetts 02110

Anthony I. Paronich

Tel. (508) 221-1510
Fax (508) 318-8100
anthony@paronichlaw.com

November 2, 2020

**Privileged Settlement Communication -- Sent Via Email**

Marsha J. Indych
Faegre Drinker Biddle & Reath LLP
1177 6th Ave 41st floor
New York, NY 10036

Michael P. Daly
Faegre Drinker Biddle & Reath LLP
1 Logan Square #2000
Philadelphia, PA 19103

      Re:   *Frey v. Frontier Utilities NE, LLC*, No. 2:19-cv-2372 (E.D. PA.)
              Plaintiff's Settlement Demand

Counsel:

Following our discussion last week, the plaintiff Jon Frey, as well as Andrew Perrong[1], are writing to make a settlement demand regarding this matter. While I believe both sides are adequately informed with respect to the facts of this matter, there were several issues we wanted to make Frontier aware of.

*First*, with a much smaller defendant and similar facts, we have resolved a TCPA claim on a class wide basis with an energy company that Energy Acquisitions Group worked with. *See Charvat v. Plymouth Rock Energy, LLC*, Civil Action No. 2:15-cv-04106 (E.D. NY.).

*Second*, using a TCPA class action claim against them for a single violation of 227(b), Oasis Energy resolved their extended TCPA liability for $7,500,000 using a notice plan similar to what the Plaintiff proposes here. *See Albrecht v. Oasis Power, LLC d/b/a Oasis Energy,* Civil Action No. 1:18-cv-1061 (N.D. Ill. 2018)

*Third*, the plaintiff and his counsel are actively litigating a matter against a competitor of Frontier, Sperian Energy Corp. In that case, the telemarketing activity of Energy Group Consultants, Inc. has been a focal point of the litigation, including Energy Group Consultants, Inc. making thousands of automated calls to cellular telephones and numbers listed on the

---

[1] As indicated on the phone, we are also aware of other claimants.

Marsha J. Indych
Michael P. Daly
Faegre Drinker Biddle & Reath LLP

>  Re:   *Frey v. Frontier Utilities NE, LLC*, No. 2:19-cv-2372 (E.D. PA.)
>         Plaintiff's Settlement Demand

November 2, 2020
Page | 2

National Do Not Call Registry. EGC has admitted many of their calling practices in violation of the TCPA, been the subject of multiple spoliation sanctions[2], and we are aware that they engaged in calling conduct for Frontier.

To allow for a discussion on how to proceed, the Plaintiffs have proposed the following:

## PROPOSED SETTLEMENT TERMS

**I. CLASS DEFINITION**

   **a. Define the Class Period**

   Plaintiff: March 31, 2015 through date of preliminary approval.

   **b. Define the Members of the Class**

   All persons in the United States from March 31, 2015 to the date of preliminary approval to whom Frontier Utilities, either directly or by a vendor of Frontier Utilities, (a) placed one or more calls on their cellphones via a dialing platform; (b) placed at least two telemarketing calls during any 12-month period where their phone numbers appeared on the NDNCR for at least 31 days before the calls; and/or (c) placed one or more calls after registering the landline, wireless, cell, or mobile telephone number on Frontier Utilities' Internal Do-Not-Call List.

   Excluded from the Settlement Class are: (1) the Judge presiding over the Actions (or the Judge or Magistrate presiding over the action through which this matter is presented for settlement), and members of their families; (2) the Defendants, their parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and Defendant's current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded person(s).

---

[2] *See e.g. Perrong v. Sperian Energy Corp.,* No. 2:19-cv-00115-RFB-EJY, 2020 U.S. Dist. LEXIS 199664 (D. Nev. Oct. 27, 2020)

Marsha J. Indych
Michael P. Daly
Faegre Drinker Biddle & Reath LLP

>Re: *Frey v. Frontier Utilities NE, LLC*, No. 2:19-cv-2372 (E.D. PA.)
>  Plaintiff's Settlement Demand

November 2, 2020
Page | 3

## II. Form and Scope of Release

**Released Parties**.  Frontier Utilities and each of its respective past, present, and future parents, subsidiaries, affiliated companies and corporations, and each of their respective past, present, and future directors, officers, managers, employees, general partners, limited partners, principals, agents, insurers, reinsurers, shareholders, attorneys, advisors, representatives, predecessors, successors, divisions, joint ventures, assigns, or related entities, and those working on behalf of each of them including but not limited to the vendors used to make the calls, and each of their respective executors, successors, assigns, and legal representatives. The release of any third parties is limited to any actions taken on behalf of Frontier Utilities.

**Released Claims.**  Any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that arise out of or relate in any way to the Released Parties' use of any telephone, any telephone or dialing equipment, any dialing systems or tools, an "automatic telephone dialing system," or an "artificial or prerecorded voice" to contact or attempt to contact Members of the Settlement Class. This release expressly includes, but is not limited to, all claims under the Telephone Consumer Protection Act and corollary or similar state laws or enactment of any other statutory or common law claim arising. The Released Claims include any and all claims that were brought or could have been brought in the Action.

## III. Monetary Relief or Other Consideration

### 1. Payments to class

Plaintiff:  Common Fund of ▮▮▮▮▮▮▮▮ Pro rata payment per claimant based on number of claims received, after deduction of expenses, attorneys' fees, incentive award, and costs of notice and administration.

Marsha J. Indych
Michael P. Daly
Faegre Drinker Biddle & Reath LLP

    Re:   *Frey v. Frontier Utilities NE, LLC*, No. 2:19-cv-2372 (E.D. PA.)
          Plaintiff's Settlement Demand

November 2, 2020
Page | 4

      No reversion.

### 2. Possible second round of distributions

Plaintiff: There will be a 2nd distribution for unclaimed funds provided that the value of the check after re-mailing costs exceeds $10. If it does not exceed $10, unclaimed funds will be given to an agree upon cy pres that has to be closely related to the class and earmarked to be used for a use that benefits the interests of the class.

## VII. Administration

### a. Third Party Administrator

Plaintiff suggests KCC, which has extensive experience in TCPA administration and competitive rates.

### b. Costs – Out of Fund or an extra

Out of fund

## VIII. Form of Notice

### a. Mail

Summary Postcard Notice will be sent to all individuals in the records produced by EAG as being sent to their vendors for calling and

### b. Publication

Since both dialing records and lists that were used to contact putative class members are no longer available, a robust internet-based publication notice process would be necessary in the states that Frontier offers services.

## IX. Claims Process

Yes, each claimant is authorized to receive a pro rata share of the fund.

Marsha J. Indych
Michael P. Daly
Faegre Drinker Biddle & Reath LLP

    Re:  *Frey v. Frontier Utilities NE, LLC*, No. 2:19-cv-2372 (E.D. PA.)
           Plaintiff's Settlement Demand

November 2, 2020
Page | 5


    Please feel free to contact me with any questions.

                            Regards,

                            */s/ Anthony I. Paronich*
                            Anthony I. Paronich