# Exhibit F

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION |
| | : | No. 20-386 |
| JON FREY | : | |
| | : | |

McHUGH, J.                                                               January 20, 2021

### **MEMORANDUM**

       Defendant Jon Frey is charged with Distribution and Attempted Distribution of Child Pornography in violation of 18 United States Code Section 2252(a)(2),(b)(1), and Accessing with Intent to View Child Pornography in violation of 18 United States Code Section 2252(a)(4)(B),(b)(2). He has appealed the order denying him pretrial release.

       Neither this Court's Office of Pretrial Services nor the Magistrate Judge deem Mr. Frey to be a flight risk, given his family and community ties, and cooperation with investigating agents. The principal question is whether he poses a danger to the community.

       The parties agree that there is a presumption of detention pursuant to 18 U.S.C. § 2252(a)(2). See 18 U.S.C. § 3142(e)(3)(E), and that Defendant bears the burden of establishing by credible evidence that he will appear in this case as required and that he will not pose a risk of danger to the community upon release. *United States v. Carbone,* 793 F.2d 559, 560 (3d Cir. 1986). The record has changed in two ways since Mr. Frey was detained. First, there is more information available relevant to the degree of danger he presents. Second, he now confronts a

1

serious medical condition that will require treatment, something that has become more complicated for those in custody because of the Covid-19 pandemic.

As to additional evidence of risk, an investigation into family circumstances by the Department of Human Services did not uncover evidence of physical abuse of Defendant's daughter, the principal source of concern. The Philadelphia Children's Alliance/Philadelphia Police Special Victims Unit conducted a forensic interview that did not reveal abuse. Defendant's daughter has been in counseling with Sherri Edelman, Psy.D., LPC, since March 2020 for ADHD. Dr. Edelman has experience with child abuse, and through their sessions Defendant's daughter did not disclose any evidence or behaviors consistent with a history of being sexually abused. Defendant's wife of 18 years supports his pretrial release based upon her observations of her husband's interactions with their daughter. Defendant's older sister, who resides with their parents, has offered herself as a third-party custodian pursuant to Section 3142(c)(1)(B)(I).

The Government understandably points to reprehensible statements made by Defendant during internet two chat room exchanges suggesting that Defendant had a sexual interest in his daughter or other young children. Defense counsel requested that the Court be permitted to review the broader record of chats in which Frey engaged, in support of an argument that his outrageous remarks were meant to reflect his lack of sexual inhibitions designed to entice adult women into a sexual encounter. Having performed that unwelcome exercise, the remarks in question are isolated, and Defendant did not reflect any further inclination to act on warped sexual fantasies involving children.

Given the totality of the record, and proposed conditions of release, I am persuaded that Defendant has met his burden to show that he can be released pending trial without presenting a danger to the community.

His recent diagnosis of testicular cancer lends further weight to the case for pretrial release. At a minimum he will require surgery, and possibly adjuvant therapy. Managing that care while he is incarnated in the midst of the pandemic will present inherent difficulties, particularly if post-surgical therapy is required.

For these reasons, the motion for pretrial release will be granted, subject to stringent conditions.

    /s/ Gerald Austin McHugh
United States District Judge

Case 2:20-cr-00336-NGS-CM Document 256 Filed 04/07/21 Page 4 of 7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **CRIMINAL ACTION** |
| | : | No. 20-386 |
| **JON FREY** | : | |
| U.S.M. #13317-509 | : | |
| Lehigh County Prison | : | |

# ORDER

This 20th day of January 2021, it is hereby **ORDERED** that Defendant's Supplemental Motions for Release from Custody, ECF 21 and 23, are **GRANTED**, subject to the conditions that follow:

To reasonably assure the defendant's appearance and the safety of the community, the defendant will be released subject to a $100,000 Bond Secured by 3069 Salmon Street (a rental property owned by the Defendant) and 3049 Almond Street (a property owned by the Defendant and his wife which is occupied by his family).:

Release is Delayed until Release approved by U.S. Pretrial Services to allow for immediate Installation of Location Monitoring Equipment at The U.S. Pretrial Services Office in Allentown, PA.

It is **FURTHER ORDERED** that the follow conditions apply, with violation of any one immediate ground for detention:

1. Defendant shall report to U.S. Pretrial Services as directed.
2. Defendant shall continue to participate in mental health treatment/counseling under the supervision of U.S. Pretrial Services.
3. Defendant shall be subject to Home Incarceration with Location Monitoring through GPS. Defendant is restricted to 24-hour-a-day lock-down at his residence except for medical

1

necessities, mental health treatment, meetings with Defense Counsel, and court appearances or other activities specifically approved by the court.
4. Defendant shall maintain residence at 480 Springfield Drive, Southampton, PA 18933, with his sister Regina Frey and parents, Peter and Lanore Frey.
5. Regina Frey will act as Third-Party Custodian, and she agrees to assume supervision and to report any violation of release conditions to U.S. Pretrial Services.
6. Defendant must abide by the terms of the safety plan implemented by the Philadelphia Department of Human Services.
7. Defendant's travel is restricted to the Eastern District of Pennsylvania unless approved in advance by U.S. Pretrial Services.
8. Defendant must surrender any passport, and not apply for or obtain a new passport.
9. Defendant shall have no contact with minors under the age of 18, nor contact with his biological children unless with the permission/approval of Philadelphia Department of Human Services and under the supervision Third Party Custodian Regina Frey. Defendant will be required to submit documentation from Human Services that any contact has been authorized.
10. The Defendant is subject to computer/internet restrictions which are to be monitored by U.S. Pretrial Services and may include manual inspection, use of minimally invasive internet detection devices, and/or installation of computer monitoring software to ensure compliance with the imposed restrictions, as follows:
a. No computer: The Defendant is prohibited from possession and/or use of any computers and connected devices. The only exception to this prohibition is for telemedicine appointments supervised by his Third-Party Custodian Regina Frey.
b. Other Residents: By consent of other residents, all computers located at the address of record shall be subject to inspection to ensure the equipment is password protected.
c. Mobile Phone, no internet access: The Defendant is permitted possession and use of a mobile telephone through U.S. Pretrial Services' Contracted "Safe Phone" program or other approved cellular device. The defendant is responsible for all fees and costs associated with the Safe Phone.
11. Defendant must surrender and may not possess firearms or other dangerous weapons.
12. Defendant must report to the pretrial services officer or supervising officer every contact with law enforcement personnel, and he must also report in advance to pretrial services any change in address, telephone number.

       /s/ Gerald Austin McHugh
      United States District Judge