# Exhibit I



March 29, 2021

***Via Email and UPS Overnight Delivery***
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043

Brian K. Murphy
Jonathan P. Misny
MURRAY MURPHY MOUL + BASIL LLP
1114 Dublin Road
Columbus, OH 43215

      Re:    *Jon Frey v. Frontier Utilities Northeast LLC, et al.*; Case No. 19-2372-KSM, in the United States District Court for the Eastern District of Pennsylvania

            *Andrew Perrong v. Frontier Utilities Northeast LLC, et al.*; Case No. 20-5844-MSG, in the United States District Court for the Eastern District of Pennsylvania

Dear Counsel:

      On behalf of Defendant Frontier Utilities Northeast LLC ("Frontier"), this letter will serve as notice of a material breach of the Class Action Settlement Agreement and Release ("Settlement Agreement") by Plaintiffs.

      On March 27, 2021, Frontier learned that Plaintiff Jon Frey had been indicted by a federal grand jury in the Eastern District of Pennsylvania on <u>November 4, 2020</u>, on multiple counts of child pornography including Distribution and Attempted Distribution of Child Pornography in violation of 18 U.S.C.A. § 2252(a)(2), (b)(1). A copy of Mr. Frey's Indictment is attached as Exhibit 1. Mr. Frey's identity was confirmed by the Government's Motion for Pretrial Detention wherein it states that he is the owner of Richmond Tech and Telecom and provides his address at 3049 Almond Street. *See* Ex. 2, Gov't Mot. for Pretrial Detention dated Oct. 22, 2020 (Dkt. #8) at 7.

      Frontier would not have entered into the Settlement Agreement had it known of Mr. Frey's Indictment and his reprehensible alleged conduct as set forth in the pleadings filed by the federal government. At no time did Plaintiffs' counsel advise Frontier of Mr. Frey's Indictment; meaning, Frontier was intentionally lied to and misled over the course of the ***five months*** of settlement discussions, mediation, and negotiation of the Settlement Agreement resulting in thousands of dollars of wasted attorney's fees and expenses including more than $10,000 paid to JAMS for mediation. Moreover, whether Mr. Frey reviewed or executed the Settlement Agreement at all has now been drawn into question. This material breach prevents the Court from approving the

March 29, 2021
Page 2

Settlement Agreement, and thus it provides Frontier the right to terminate the Settlement Agreement pursuant to Section 8.1.

Your first contact to Frontier to discuss potential settlement of this litigation was in the evening of October 20, 2020 – the ***same day*** that Mr. Frey was arrested. *See* Ex. 2 at 16. Since receiving the demand letter from you on behalf of Mr. Frey on November 2, 2020, Frontier has been discussing settlement and negotiating with you on behalf of Mr. Frey. You never disclosed that Mr. Frey was being held at the federal detention center during negotiations. Indeed, it is questionable how Mr. Frey authorized the November 2 demand to be sent, whether he actually received and reviewed Frontier's settlement offer, or if he agreed to mediate his claims with the Hon. Morton Denlow. Notably, his criminal counsel filed a motion for continuance of Mr. Frey's criminal trial on February 3, 2021, based on counsel's inability to "visit with the defendant while he was in custody." Ex. 3, Mot. for Continuance dated Feb. 3, 2021 (Dkt. #29) at ¶ 3.

During the initial discussion with Judge Denlow on February 3, 2021, you represented to Judge Denlow and Frontier that Mr. Frey would only be able to participate by telephone during the mediation on February 16 because the mediation was allegedly scheduled on short notice and Mr. Frey had to work. That representation was *false*. Although it appears from publicly available records that Mr. Frey was released on bond from federal detention on or about January 26, 2021, he is apparently confined to his parents' home pending his trial in August 2021. A copy of the Memorandum and Order regarding the conditions of his release pending trial are attached as Exhibit 4. As a condition of Mr. Frey's release, he is prohibited from having access to a computer, the internet, and a telephone other than for purposes of communicating with his medical providers. Ex. 4, Order at ¶ 10. Thus, Mr. Frey was not working on February 16 and he could not participate in any legal proceeding by ZOOM because he is prohibited from using a computer and the internet. *Id*.

The parties mediated this case with Judge Denlow for nearly 12 hours on February 16. At no time did Plaintiffs' counsel disclose during the mediation that Mr. Frey's Indictment and his pending criminal trial would impact his ability to serve as a class representative in connection with any settlement of the case. You represented to Judge Denlow and Frontier during the initial joint session that Mr. Frey was willing and able to serve as the class representative. Moreover, Mr. Frey was on the mediation via telephone when Judge Denlow asked the parties to each state what the impediments were to settlement from their perspective – Mr. Frey was silent and you as counsel for Plaintiffs acquiesced in that silence. Plaintiff Andrew Perrong, who has a personal relationship with Mr. Frey and worked for his business, also acquiesced in this fraud by remaining silent.

Similarly, the parties discussed prior to and at the mediation whether, if a settlement was reached, the motion for preliminary approval of the class settlement would be filed before Judge Goldberg or Judge Marston. You never disclosed to Frontier that Judge Goldberg was the presiding judge on one of the two pending criminal dockets involving Mr. Frey. *See* Ex. 5, Criminal Docket Report Assigned to Hon. Mitchell S. Goldberg at 1-2 (identifies arrest date of Oct. 20, 2020). That fact could obviously impact Judge Goldberg's determination of whether the Settlement Agreement is in the best interest of the putative class as well as the adequacy of the proposed settlement class counsel and representatives.

March 29, 2021
Page 3

On February 26 and February 28, Frontier discussed with you the amount of any service payment to Plaintiffs. You did not disclose during these conversations or in your email indicating Plaintiffs agreed to $5,000 that Mr. Frey could not serve as a class representative. *See* Ex. 6, Email from A. Paronich dated Feb. 28, 2021 ("After reviewing and consulting with our clients, they did not want to allow their proposed incentive award to be the only outstanding item in the agreement, and have agreed that they will each apply for a $5,000 incentive award."). This was clearly misleading and suggested to Frontier that Mr. Frey would be fully able to fulfill his role as class representative.

On March 9, 2021, you provided a copy of the Settlement Agreement that purported to be executed by Mr. Frey. Since Mr. Frey is prohibited from accessing the computer and internet, Frontier questions whether Mr. Frey reviewed and understood the terms of the agreement, the releases he was providing therein, and his role as class representative.

Pursuant to FED. R. CIV. P. 23, Plaintiffs are required to show, among other things, "the claims or defenses of the representative parties are *typical* of the claims or defenses of the class" and that "the representative parties will *fairly* and *adequately protect* the interests of the class." FED. R. CIV. P. 23(a)(3)-(4) (emphasis added); *see* Settlement Agreement, Ex. 1 Preliminary Approval Order at ¶ 8 ("Plaintiffs and Settlement Class Counsel must fairly and adequately protect Settlement Class Members' interests."). Mr. Frey *fails both* these prongs and cannot be a class representative in this case. Nor can he comply with the requirement in the Settlement Agreement "to implement the Parties' settlement in accordance with the Settlement Agreement." *Id*.

Mr. Frey's ongoing criminal issues make his claim not typical of members of the class as he is subject to unique defenses. Mr. Frey's alleged immoral behavior and Indictment draw his credibility into question. As such, his claim against Frontier (which was already weak) is now to subject to even greater scrutiny. You may recall that Mr. Frey's claim is based on one telephone call from March 20, 2019, that Mr. Frey alleges was to (215) 634-797<u>6</u>. That allegation contradicts the telephone number Energy Acquisitions Group, LLC stated under oath it had called ((215) 634-797<u>4</u>) and that Mr. Frey twice confirmed as reflected in the call recording.

Thus, these new criminal charges subject to further scrutiny his already fragile claim that has no evidentiary support other than Mr. Frey's own self-interested statements. Additionally, Frontier has argued throughout this case that Mr. Frey's knowledge of the telecommunications industry helped him manufacture a claim. This unique defense is further supported by the government's similar statements and serious concerns regarding his release in his pending criminal case. *See* Ex. 2 at 10-11 ("There is no doubt that the defendant is especially knowledgeable when it comes to computers. . . . If this Court were to order that computer monitoring software be installed on the defendant's computer, there would be no way to detect if the defendant—who is clearly technologically savvy—were to subvert the computer monitoring software by simply inserting a device with its own operating system into the computer being monitored, thereby bypassing the monitoring software altogether.").

Further, it is indisputable Mr. Frey is not an adequate class representative for purposes of representing the putative class members. Mr. Frey will not be able to implement the terms of the Settlement Agreement or comply with his fiduciary duties as class representative to protect the interests of the settlement class members. First, Mr. Frey will not be able to participate in any

March 29, 2021
Page 4

hearing that the Court may have related to approval of the settlement. He is confined to his parents' home and unable to access the computer or internet. *See* Ex. 4, Order at ¶¶ 4, 10. Second, his inability to discuss the case with Settlement Class Counsel or access a computer or the internet prevent him from overseeing the process. *See id.* ¶ 10. Indeed, it is unclear how Mr. Frey has been overseeing the case since August 6, 2020, when the FBI executed the federal search warrant and seized all of his phones and computers. *See* Ex. 2 at 1, 3. Perhaps that is why you filed a motion to stay the case on the ***next day***, August 7, 2020, after previously opposing a stay on a similar basis filed by Frontier. *See* Pl.'s Mot. for a Stay dated Aug. 7, 2020 (Dkt. #92). Finally, there is a risk that Mr. Frey may violate the terms of his release and be returned to federal detention while the Court's approval of the Settlement Agreement is pending.

There is no question that Mr. Frey's ongoing criminal Indictment and upcoming trial will distract him from overseeing the implementation of the Settlement Agreement. The charges against Mr. Frey are so reprehensible that his mere involvement in this case may give rise to objections to the Settlement Agreement; particularly in light of the $5,000 service payment which is a ***reward*** for his involvement. It is prejudicial to the putative class members to saddle them with a class representative like Mr. Frey whose alleged criminal conduct distracts from their claims in this case.

As a result of the misrepresentations by Plaintiffs, Frontier spent thousands of dollars on attorney's fees and costs negotiating a settlement agreement that cannot be presented to the Court for approval. These misrepresentations and the fraudulent inducement arguably render the Settlement Agreement void.

For all of these reasons, Frontier demands that you and Plaintiffs cease and desist from any effort to seek court approval of the Settlement Agreement. Should you or Plaintiffs attempt to do so, Frontier intends to vigorously oppose that motion and seek its attorney's fees and costs. Frontier further demands that Plaintiff Jon Frey dismiss his completely meritless claim with prejudice immediately. To be clear, Frontier will not settle any case with Mr. Frey. If he does not dismiss his claim, Frontier will file counterclaims to seek its fees and costs resulting from the fraudulent conduct related to the negotiation of the Settlement Agreement and take any other action necessary to protect its legal rights.

Very truly yours,

*/s/ Michele Blythe*

Michele R. Blythe
Managing Attorney – Litigation

Enc.

cc:   Hon. Morton Denlow (*via Email*)
      Stephen Crawford (*via Email*)
      Michael Daly (*via Email*)
      Marsha Indych (*via Email*)