# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FRONTIER UTILITIES NORTHEAST LLC and NEXT GENERATION ENERGY, INC.,<br><br>    Defendants. | Case No. 2:20-cv-05844-MSG |

## DECLARATION OF ANTHONY PARONICH IN SUPPORT OF REPLY IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT

I, Anthony I. Paronich, declare under penalty of perjury:

1. I make this affidavit in support of Plaintiff's Reply in Support of Motion for Preliminary Approval of Class Action Settlement. Except as otherwise noted, I have personal knowledge of the facts set forth in this declaration and could testify competently to them if called upon to do so.

2. Frontier argues that I made a misrepresentation when I called Frontier's counsel on October 20, 2020 and stated that Plaintiffs were interested in exploring settlement because they were concerned the Supreme Court might narrowly interpret the TCPA's definition of an "automatic telephone dialing system" ("ATDS") in the *Facebook* case. However, this was an accurate representation as this was a legitimate concern to the viability of the claims.

3. I continue to represent Mr. Frey and communicate with him regarding the case, as my co-counsel and I did throughout settlement negotiations.

1

4. Shortly after the filing of the Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement Agreement, I explained to Frontier in writing that the statement as to Mr. Frey's participation by telephone was true. A true and accurate copy of my correspondence to Frontier is attached hereto as Exhibit A.

5. When a final obstacle to the class settlement was Frontier's refusal to allow the Plaintiffs to apply for $10,000 service awards, Mr. Frey (as well as Mr. Perrong) agreed he would only seek a $5,000 award because he did not want to allow his own interests to get in the way of an excellent recovery for the class.

6. Before anything was even said about Mr. Frey participating in the mediation by telephone, Frontier offered to settle on a classwide basis for $1,250,000 in writing and agreed to mediate.

PURSUANT TO 28 U.S.C. § 1746, I DECLARE SIGNED UNDER PENALTY OF PERJURY OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT EXECUTED THIS THIS 30th DAY OF APRIL, 2021 IN THE COMMONWEALTH OF MASSACHUSETTS.

/s/ Anthony I. Paronich
Anthony I. Paronich

# EXHIBIT A

Jonathan Misny <misny@mmmb.com>

## Re: Jon Frey and Andrew Perrong v. Frontier Utilities Northeast LLC, et al.: Notice of Breach of Settlement Agreement, JAMS # 1340019092

**Anthony Paronich** <anthony@paronichlaw.com>  Fri, Apr 2, 2021 at 2:00 PM
To: "Blythe, Michele" <Michele.Blythe@nexteraenergy.com>, Morton Denlow <mortdenlow@gmail.com>, murphy@mmmb.com, misny@mmmb.com, "Crawford, Stephen" <steve.crawford@gexaenergy.com>, "Indych, Marsha J." <marsha.indych@faegredrinker.com>, "Daly, Michael P." <michael.daly@faegredrinker.com>
Cc: Stewart Deborah <dstewart@jamsadr.com>

Counsel and Judge Denlow:

The Plaintiffs have filed a Motion for Preliminary Approval of the Settlement, which is attached. We're prepared to enforce the settlement agreement as agreed. However, with authorization from Mr. Frey, we have proposed an alternative Preliminary Approval Order with Mr. Perrong as the sole class representative, despite the fact that Mr. Frey could serve that role.

However, in an effort to ensure the settlement agreement is enforced efficiently, we did want to provide a response to Frontier's letter.

First, neither Mr. Frey nor his counsel have made any misrepresentations in connection with the settlement. Mr. Frey, who has no prior criminal record, has been charged with a crime, but has not been tried or convicted. In any event, the subject was simply never raised by anyone. Furthermore, publicly available documents regarding the allegations against Mr. Frey were readily available if Frontier wanted to look into his background before entering into the settlement agreement as opposed to after.

Mr. Frey, who has been in contact with counsel throughout the case, has authorized the settlement and reviewed and approved the final agreement. Mr. Frey actively participated in the mediation and approved the settlement that was reached on behalf of the class that day. Mr. Frey's company continues its operations and he wanted to be available that day to consult with his employees and elected to participate telephonically as was his right. Documents relating to the settlement agreement were made available in paper form for Mr. Frey's review. He fully and properly executed the Settlement Agreement in compliance with Paragraph 9.15. The Agreement is valid and it is binding on all parties.

Finally, Mr. Perrong's adequacy is in no way impacted by the fact that he knows Mr. Frey. As Frontier is well aware as Mr. Perrong has litigated previously on a *pro se* basis against them, he is on the law review at Temple University School of Law, where he has a scholarship. He has also accepted a position with the Consumer Division of the West Virginia Attorney General's office, which required an extensive background check. He has no criminal record and has no pending charges or anything to do with Mr. Frey's pending charges.

We'll await Frontier's response.

----

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400

Hingham, MA 02043
[o] (617) 485-0018

[c] (508) 221-1510
[f] (508) 318-8100

https://www.paronichlaw.com

This email message may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

[Quoted text hidden]


**15. Frontier Preliminary Approval Motion.pdf**
257K