UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>FRONTIER UTILITIES NORTHEAST LLC and NEXT GENERATION ENERGY, INC.,<br><br>    Defendants. | Case No. 2:20-cv-05844-MSG |

### PLAINTIFF'S MOTION FOR LEAVE TO FILE INSTANTER SUR-SUR-REPLY IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF A CLASS ACTION SETTLEMENT

Pursuant to Section 10 of the Court's Policies and Procedures, Plaintiff hereby requests leave to file instanter a sur-sur-reply in support of his Motion for Preliminary Approval of a Class Action Settlement.

Plaintiff is reluctant to ask the Court to allow yet another brief on the subject of the Settlement Agreement[1], but Frontier's Sur-Reply has made another brief necessary.  Frontier represented to the Court multiple times in its Motion for Leave to File a Sur-Reply that it intended only to "respond to new legal arguments and factual assertions raised in Plaintiff's [Reply]," three of which Frontier enumerated in its Motion for Leave.[2]  (Doc. 27 at p. 1.)

Yet Frontier's Sur-Reply leads with an entirely new argument: "Now, the purported settlement agreement fails for yet another reason – Mr. Frey ***voluntarily dismissed*** his case. *See* Ex. A, *Frey* Action, ECF No. 106 (Mot. to Dismiss); Ex. B, *Frey* Action, ECF No. 115 (Order).

---

[1] Frontier's Sur-Reply is the seventh brief it has filed on the subject and the twelfth brief total.

[2] Frontier misstated Plaintiff's arguments, but Plaintiff does not seek to brief those arguments any further.

Thus, Mr. Frey and his putative class members have **no pending claims** to settle." (*See* Doc. 29 at p. 1 (emphasis in original).) Frontier even points out that this issue wasn't addressed at all in Plaintiff's Reply, calling the fact that Plaintiff *didn't mention* the pending motion for dismissal of the *Frey* case a "glaring omission to the Court." (*Id.* at p. 3.)

Plaintiff is confident the Court would recognize without further briefing that as a legal matter, voluntary dismissal without prejudice of the *Frey* action makes no difference to the pending Motion for Preliminary Approval, though the Court may find further briefing on that issue helpful. It is imperative, however, that the Court understand just how disingenuous it is for Frontier to be making the argument. Frontier's counsel revised Plaintiff's counsel's initial draft of the Settlement Agreement by **proposing the addition of a provision requiring Plaintiff's counsel to file a motion in the *Frey* action for voluntary dismissal with prejudice within two days of the execution of the Settlement Agreement.** Now those same counsel for Frontier come before this Court and argue a voluntary dismissal *without prejudice* of the *Frey* action blows up the Settlement Agreement? Now "all of the references to the Frey Action in the purported settlement agreement and its voluminous exhibits are simply wrong"? (*See* Doc. 29 at p. 3.)

To make matters worse, Frontier argues the voluntary dismissal without prejudice blows up the Settlement Agreement even though Judge Marston, who initially suggested that the parties stipulate to a dismissal of the *Frey* case given the issues that were being briefed in this action, in a 15-page opinion, *repeatedly stated* that the purpose of the dismissal was so that this Court could determine all issues related to the Settlement Agreement. *See, e.g., Frey v. Frontier Utils. Ne. LLC*, No. 2:19-cv-02372-KSM, Doc. 114 (E.D. Pa. May 14, 2021) at p. 7 ("The Court noted that the 'fee issue … is probably more appropriate before Judge Goldberg with the settlement

issues that are there,' but then asked whether Frey's counsel was willing to dismiss this case with prejudice.  Frey's counsel confirmed that he had authority to dismiss the case with prejudice and move forward with settlement before Judge Goldberg.  The Court, therefore, directed the parties to 'prepare a stipulation of dismissal with prejudice of the *Frey* case,' and to pursue the fee issues in the *Perrong* matter."), p. 8, pp. 10-11, p. 12 ("Once the parties reached a settlement agreement, Frey moved to stay the case to avoid unnecessary expenses while the parties sought finalization before Judge Goldberg.  And when Frontier challenged the continued viability of the agreement and moved for sanctions in *Perrong*, Frey sought dismissal of this action so that the parties could make all arguments in one forum."), p. 15 ("This issue [Frontier's request for attorney fees] is also at the heart of Frontier's opposition to the motion for preliminary approval in the *Perrong* action.  Given the importance of the issue to the motions pending before Judge Goldberg, we find the question of fee shifting is more appropriately decided in that action.") (citations omitted).  Frontier did not attach Judge Marston's opinion to its Sur-Reply.  That opinion should be considered along with any argument that her dismissal of the *Frey* action prevents this Court from approving the Settlement Agreement.

In fairness, Plaintiff should be allowed to respond to Frontier's last-ditch attempt to avoid its obligations under the Settlement Agreement.  While Plaintiff has plenty to say about the other arguments in Frontier's Sur-Reply, Plaintiff will not address any of those arguments.  The proposed Sur-Sur-Reply attached hereto as Exhibit A is limited exclusively to Frontier's new argument that the dismissal without prejudice of the *Frey* action means the Settlement Agreement cannot be approved.

Respectfully submitted,

**/s/ Joseph F. Murray**
Joseph F. Murray (327025)
Brian K. Murphy (admitted *pro hac vice*)
Jonathan P. Misny (admitted *pro hac vice*)
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401
E-mail: murray@mmmb.com
       murphy@mmmb.com
       misny@mmmb.com

Anthony I. Paronich (admitted *pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com

*Attorneys for Plaintiff and the Proposed Settlement Class*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to all counsel of record.

**/s/ Joseph F. Murray**
Joseph F. Murray