**EXHIBIT 2**
**[PROPOSED] FINAL APPROVAL ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG and STEWART ABRAMSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER UTILITIES NORTHEAST LLC and NEXT GENERATION ENERGY, INC.,<br><br>Defendants. | Civil Action No. 20-05844-MSG |

## [PROPOSED] FINAL APPROVAL ORDER

On November 10, 2022, this Court heard the motion for final approval of the class action settlement and for entry of judgment filed by Plaintiffs.[1] This Court reviewed: (a) the motion and the supporting papers, including the Class Action Settlement Agreement and Release ("**Settlement Agreement**") settling the claims in the above-captioned action (the "**Action**"); (b) any objections filed with or presented to the Court; (c) the Parties' responses to any objections; and (d) counsel's arguments. Based on this review and the findings below, the Court finds good cause to grant the motion.

**FINDINGS:**

1. Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it. Among other matters considered, the Court took into account: (a) the complexity of Plaintiffs' theories of liability; (b) the arguments raised by Frontier Utilities Northeast LLC ("Frontier") in its pleadings in a related

---

[1] Capitalized terms in this Final Approval Order ("Order"), unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

action that has been subsequently voluntarily dismissed (the "Dismissed Action") that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred in an action filed by Andrew Perrong before the Pennsylvania Public Utilities Commission and the Dismissed Action; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the Parties; and (g) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

2. The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and Frontier's Counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced mediator.

3. The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments.

4. Notice was provided to Settlement Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Settlement Class Members about the Action and Settlement Agreement; (b) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (c) provided procedures for Settlement Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Final Approval Hearing.

5. Frontier filed a copy of the notice it gave on October 26, 2022 pursuant to 28 U.S.C. § 1715(b), and the notice complies with the requirements of 28 U.S.C. § 1715(b).

6.  Plaintiffs and Settlement Class Counsel have fairly and adequately protected the Settlement Class' interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7.  For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds and determines that the proposed Settlement Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3).

8.  An award of $_____ for a Fees, Costs, and Expenses Award to Settlement Class Counsel is fair and reasonable in light of the nature of this case, Settlement Class Counsel's experience and efforts in prosecuting the Action, and the benefits obtained for the Settlement Class.

9.  A Service Payment to each Plaintiff of $_____ is fair and reasonable in light of: (a) Plaintiffs' risks in commencing the Action; (b) the time and effort spent by Plaintiffs in litigating the Action; and (c) Plaintiffs' public interest service.

10.  Reimbursement of $_____ to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the settlement.

**IT IS ORDERED THAT:**

1.  **Settlement Class Members.**  The Settlement Class is certified as a class of: All persons in the United States to whom Frontier or anyone acting or purporting to act on Frontier's behalf made or tried to make any of the following Calls between May 31, 2013, and the date of entry of the Preliminary Approval Order:

    (a)  one or more Calls made using an automatic telephone dialing

       system, dialing platform, or other dialing equipment, to a number assigned to any paging service, cellular telephone service, specialized mobile radio service, radio common carrier service, or service for which the called party is charged for the Call;

  (b)  one or more Calls initiated using an artificial or prerecorded voice; and/or

  (c)  one or more Calls to a telephone number while it was on the national Do-Not-Call Registry or a state Do-Not-Call Registry or was on or requested to be placed on Frontier's internal do-not-call list.

Excluded from the Settlement Class are: (1) the Judges and Magistrate Judges presiding over the Action and members of their immediate families; (2) the Defendants, their parent companies, successors, predecessors, and any entities in which the Defendants or their parents have a controlling interest, and Defendants' current and former officers and directors; (3) persons who properly execute and timely file a request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded person(s).

  **2.**  **Binding Effect of Order.** This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under the Preliminary Approval Order. This Order does not bind persons or entities who submitted timely and valid requests for exclusion.

  **3.**  **Release**. Plaintiffs and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have completely released and forever discharged the Released Parties from all claims arising out of or asserted in the Action, the Released Claims, and claims released by Plaintiffs' General Release; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims, the Released Claims, and claims released by Plaintiffs' General Release. The full terms of the release described in this paragraph are set forth in the Settlement Agreement and are specifically incorporated herein by this reference.

  **4.**  **Class Relief**. Frontier is directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement. The

Settlement Administrator is further directed to issue payments to each Settlement Class Member who: (a) is on the Closed Sales List and did not submit a timely and valid request for exclusion from the Settlement Class; or (b) submitted a valid and timely Claim Form, (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

     **5.**     ***Cy Pres* Distribution.** Pursuant to the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to the Utility Emergency Services Fund.

     **6.**     **Miscellaneous.** No person or entity shall have any claim against Frontier, Frontier's Counsel, the Released Parties, Plaintiffs, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Settlement Agreement.

     **7.**     **Court's Jurisdiction**. Pursuant to the Parties' request, the Court will retain jurisdiction over the Action and the Parties for all purposes related to this settlement.

SO ORDERED this ___ day of _____, 2022.

_____
THE HONORABLE MITCHELL S. GOLDBERG
UNITED STATES DISTRICT COURT