**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ANDREW PERRONG and STEWART ABRAMSON, individually and on behalf of all others similarly situated,** | **Civil Action** |
| *Plaintiffs,* | **No. 20-cv-5844** |
| *v.* | |
| **FRONTIER UTILITIES NORTHEAST, LLC,** *et al.,* | |
| *Defendants.* | |

## ORDER

**AND NOW**, this 6th day of January, 2023, upon consideration of the parties' Motion for Final Approval of Class Action Settlement (ECF No. 53) and class counsel's Motion for Attorneys' Fees, Costs, Expenses, and Class Representative Awards (ECF No. 54), this Court finds as follows:

1.      On November 10, 2022, this Court heard the motion for final approval of the class action settlement and for entry of judgment filed by Plaintiffs. This Court reviewed: (a) the motion and the supporting papers, including the Class Action Settlement Agreement and Release ("Settlement Agreement") settling the claims in the above-captioned action; and (b) counsel's arguments. No objections were filed.

2.      On December 7, 2022, the Court requested, and subsequently received, additional documentation supporting expenses occurred administrating the settlement.

3.      Based on review of all these materials, and the findings below, the Court finds good cause to grant the motions.

4.      Upon review of the record, the Court finds that the Settlement Agreement is fair, adequate, and reasonable and therefore approves it. Among other matters considered, the Court took into account: (a) the complexity of Plaintiffs' theories of liability; (b) the arguments raised by Frontier Utilities Northeast LLC ("Frontier") in its pleadings in a related action before another judge in this District that has been subsequently voluntarily dismissed that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the amount of discovery that has occurred in an action filed by Andrew Perrong before the Pennsylvania Public Utilities Commission and a related action in this District; (e) the relief provided to the Settlement Class; (f) the recommendation of the Settlement Agreement by counsel for the parties; and (g) the lack of any objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the proposed settlement.

5.      The Court also finds that extensive arm's-length negotiations have taken place between Settlement Class Counsel and Frontier's Counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced mediator.

6.      The Settlement Agreement provides substantial value to the Settlement Class in the form of cash payments in light of the damages that might have been recoverable had this action proceeded to trial.

7.      Notice was provided to Settlement Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Settlement Class Members about this action and the Settlement Agreement; (b) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to

the settlement; (c) provided procedures for Settlement Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Final Approval Hearing.

8.     Frontier filed a copy of the notice it gave on October 26, 2022 pursuant to 28 U.S.C. § 1715(b), and the notice complies with the requirements of 28 U.S.C. § 1715(b).

9.     Plaintiffs and class counsel have fairly and adequately protected the Settlement Class's interests, and the parties have adequately performed their obligations under the Settlement Agreement.

10.     For the reasons stated in the Preliminary Approval Order, and there having been no objections, this Court finds that the proposed Settlement Class, as defined below, meets all of the legal requirements for class certification for settlement purposes under Federal Rule of Civil Procedure 23(a) and (b)(3).

11.     Class counsel requests $1,036,666 in fees, costs, and expenses, consisting of $1,016,666 in fees and $20,000 in out-of-pocket costs and expenses. The $1,016,666 in fees reflects 1/3 of the gross settlement fund.

12.     "The percentage-of-recovery method is generally favored in cases involving a common fund, and is designed to allow courts to award fees from the fund in a manner that rewards counsel for success and penalizes it for failure." In re Cendant Corp., 243 F.3d 722, 732 (3d Cir. 2001). In determining the appropriate percentage, factors that may be considered include:

a.  "the size of the fund created and the number of persons benefitted";
b.  "the presence or absence of substantial objections by members of the class to the settlement terms and/or fees requested by counsel";
c.  "the skill and efficiency of the attorneys involved";
d.  "the complexity and duration of the litigation";
e.  "the risk of nonpayment";
f.  "the amount of time devoted to the case by plaintiffs' counsel";
g.  "the awards in similar cases"; and

      h.  a comparison to the fee that would be awarded by applying the lodestar method. <u>Gunter v. Ridgewood Energy Corp.</u>, 223 F.3d 190, 195 n.1 (3d Cir. 2000).

13.      Percentages near 33% are common. <u>See</u> <u>Mabry v. Hildebrandt</u>, No. 14-cv-5525, 2015 WL 5025810, at *4 (E.D. Pa. Aug. 24, 2015) (collecting cases).

14.      Having considered the litigation history of this case, including the risks associated with the Supreme Court's recent decision in <u>Facebook, Inc. v. Duguid</u>, 141 S. Ct. 1163 (2021), the Court concludes that a percentage-of-recovery fee award of 1/3 of the gross settlement fund is fair and reasonable in light of the nature of this case, class counsel's experience and efforts in prosecuting the action, and the benefits obtained for the settlement class.

15.      Each named Plaintiff has requested a $5,000 service payment.

> Incentive awards … are common in class actions that result in a common fund for distribution to the class. … The purpose of these payments is to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation, and to reward the public service of contributing to the enforcement of mandatory laws.

<u>In re Comcast Corp. Set-Top Cable TV Box Antitrust Litig.</u>, 333 F.R.D. 364, 390 (E.D. Pa. 2019).

16.      "Factors to be considered in ordering an award of this sort include":

> The risk to the plaintiff in commencing suit, both financially and otherwise; the notoriety and/or personal difficulties encountered by the representative plaintiff; the extent of the plaintiff's personal involvement in the lawsuit in terms of discovery responsibilities and/or testimony at depositions or trial; the duration of the litigation; and the plaintiff's personal benefit (or lack thereof) purely in his capacity as a member of the class.

<u>Reibstein v. Rite Aid Corp.</u>, 761 F. Supp. 2d 241, 257 (E.D. Pa. 2011). The court must "carefully review" such awards "for fairness to other class members." <u>Galt v. Eagleville Hosp.</u>, 310 F. Supp. 3d 483, 496 (E.D. Pa. 2018).

17.      The Court concludes that an incentive award of $5,000 to Plaintiff Perrong is reasonable in light of Perrong's time spent litigating this case <u>pro se</u> before the Pennsylvania Public Utilities Commission and the risk involved in defending a prior settlement following Defendants'

challenge to its validity. Similar facts have not been offered to support a $5,000 incentive payment to Plaintiff Abramson. The Court finds that an incentive payment of $1,000 to Plaintiff Abramson is reasonable.

18.     Reimbursement of $288,162 to the Settlement Administrator is fair and reasonable to compensate it for the provision of notice to the Settlement Class and administering the settlement.

**WHEREFORE**, it is hereby **ORDERED** that:

19.     The parties' Motion for Final Approval of Class Action Settlement (ECF No. 53) is **GRANTED**.

20.     The Motion for Attorneys' Fees, Costs, Expenses, and Class Representative Awards (ECF No. 54) is **GRANTED in part and DENIED in part** as outlined above.

21.     **Settlement Class Members**: The Settlement Class is certified as a class of: All persons in the United States to whom Frontier or anyone acting or purporting to act on Frontier's behalf made or tried to make any of the following Calls between May 31, 2013, and the date of entry of the Preliminary Approval Order:

      a.  one or more Calls made using an automatic telephone dialing system, dialing platform, or other dialing equipment, to a number assigned to any paging service, cellular telephone service, specialized mobile radio service, radio common carrier service, or service for which the called party is charged for the Call;

      b.  one or more Calls initiated using an artificial or prerecorded voice; and/or

      c.  one or more Calls to a telephone number while it was on the national Do-Not-Call Registry or a state Do-Not-Call Registry or was on or requested to be placed on Frontier's internal do-not-call list.

Excluded from the Settlement Class are: (1) the Judges and Magistrate Judges presiding over this action and members of their immediate families; (2) the Defendants, their parent companies, successors, predecessors, and any entities in which the Defendants or their parents have a controlling interest, and Defendants' current and former officers and directors; (3) persons who properly execute and timely file a request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded person(s).

22.    **Binding Effect of Order**: This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not request exclusion under the Preliminary Approval Order. This Order does not bind persons or entities who submitted timely and valid requests for exclusion.

23.    **Release**: Plaintiffs and all Settlement Class Members who did not request exclusion are deemed to have completely released and forever discharged the Released Parties from all claims arising out of or asserted in this action, the Released Claims, and claims released by Plaintiffs' General Release. The full terms of the release described in this paragraph are set forth in the Settlement Agreement.

24.    **Class Relief**: Frontier is directed to provide the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement. The Settlement Administrator is further directed to issue payments to each Settlement Class Member who: (a) is on the Closed Sales List and did not submit a timely and valid request for exclusion from the Settlement Class; or (b) submitted a valid and timely Claim Form, (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

25.    **Cy Pres Distribution**: Pursuant to the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to the Utility Emergency Services Fund.

26.    **Court's Jurisdiction**: Pursuant to the Parties' request, the Court will retain jurisdiction over the Action and the Parties for all purposes related to this settlement.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**